# WHEELING.

## WILLIAMS v. BALTIMORE AND OHIO RAILROAD COMPANY.

### July 17, 1876.

1. A declaration alleges that certain goods were delivered to and accepted by the defendant to be carried from Parkersburg to Petroleum Station, for reasonable reward, to be delivered to the plaintiff; but by reason of the negligent manner in which the defendant conducted itself in regard thereto, "the goods were wholly lost to the plaintiff."—HELD:

1876.
June Term.

On general demurrer, that the declaration was sufficient in law.

2. When the cause was called for trial, in January, 1874, the defendant moved the court for a continuance of the cause on the ground that the chief counsel had been furnished by the defendant with certain papers, called "tracers," in his lifetime; but who had departed this life on the eighteenth day of November, 1873, and that these papers could not be obtained by the counsel present for their guidance in the trial of the cause; but it was admitted that if the papers were present, they could not be used as evidence.—HELD:

No error to refuse a continuance.

3. The plaintiff after proving the execution of a receipt by an agent, and his agency, for the goods shipped by the carrier, offered in evidence the receipt, in the following words: "Parkersburg, W. Va., Feb. 14, 1865, Received of J. G. Blackford, in good order, to be delivered in like good order, as per margin—Marks—E. M. Williams' Petroleum, W. Va. Articles—one box boring tools, one boring stem,' one sand pump.—Weight 800 lbs., B. & O. R. R, freight to Petroleum, $1.35. Signed, Montgomery:" and gave evidence that a boring stem was called, indifferently, augur stem, drill stem and boring stem. The goods in the declaration were described as "one box of oil well tools, one drill stem and one sand pump."—HELD:

No error to admit the receipt under such declaration.

4. After proof of the delivery of the goods to the defendant, and that they were then, February, 1865, of the value of $335, and the non-delivery thereof to the plaintiff and the admission by the defendant that the goods had been lost by it, the jury rendered a verdict for $534, in January, 1874, on which a judgment was entered ; but immediately upon the discovery (during the same term) that the verdict allowed a greater sum than the damages claimed in the declaration, the excess was released by the plaintiff.—HELD :

No error to refuse a new trial.

*Supersedeas* to a judgment of the circuit court of Wood county, rendered on the twenty-third day of January, 1874, in a suit then pending in said court, between E. M. Williams, plaintiff, and The Baltimore and Ohio Railroad Company, defendant. The petition, upon which the *supersedeas* was granted, was presented by the defendant below.

The declaration filed in the suit was as follows :
"STATE OF WEST VIRGINIA :

        *Wood County, to-wit* :

            IN THE CIRCUIT COURT THEREOF.
E. M. Williams complains of the Baltimore & Ohio Railroad Company, of a plea of trespass on the case, for that, on the sixteenth day of February, 1865, at the county aforesaid, he caused to be delivered to the defendant, and the defendant then accepted of and from the plaintiff, one box of oil well tools, containing two belts, of the value of $250 ; two reamers, of the value of $200 ; one pair of jars, steel face, of the value of $250 ; one sinker, of the value of $250 ; one rope socket, of the value of $250 ; two wrenches, of the value of $50 ; two gauges, of the value of $50 ; the said contents of said box being of the value of $325 ; also one drill stem, of the value of $200 ; and one sand pump, of the value of $200 ; the said enumerated articles comprising a set of oil well boring tools, of the value of $325, to be taken care of and carried and conveyed by the defendant from Parkersburg in the county of Wood, and State of West Virginia, to Petroleum, a station on said defendant's road, in the

county of Ritchie, in said State, to be delivered to the plaintiff, for certain reasonable reward to the defendant in that behalf. And thereupon it then became and was the duty of the defendant to take care of said oil well boring tools, and the said box and its contents, whilst it so had the charge thereof for the purpose aforesaid, and to take due and reasonable care in and about the conveyance and delivery thereof as aforesaid. Yet the defendant, not regarding its duty in that behalf, but contriving and fraudulently intending to deceive and injure the plaintiff in that behalf, did not, nor would, take due care of said oil well tools, and said box and its contents, aforesaid whilst it had the charge thereof for the purpose aforesaid, or take due and reasonable care in and about the conveyance and delivery thereof as aforesaid, but, on the contrary thereof, the defendant, whilst it had the charge of said oil well tools, and said box and its contents, for the purpose aforesaid, to-wit, on the sixteenth day of February, 1865, at the county aforesaid, took so little and such bad and improper care of said oil well tools and said box and its contents, and such bad and unreasonable care in and about the conveyance and and delivery thereof as aforesaid, and so carelessly and negligently conducted itself in the premises, that said box and its contents and said ——————— and sand pump and the whole set of said oil well tools, being of the value aforesaid, afterward, to-wit, on the twentieth day of February, 1865, became and were wholly lost to the plaintiff, to the damage of the plaintiff of $500.00 ; wherefore he sues, &c."

The other facts appear in the opinion of the Court.

The Hon. Joseph Smith, judge of the seventh judicial circuit, presided at the trial below.

*Caleb Boggess* and *John A. Hutchinson*, for the plaintiff in error.

*William H. Small*, for the defendant in error.

*1876.*
*June Term.*

Williams
v.
Baltimore &
Ohio R. R. Co.

1876.
June Term.
EDMISTON, JUDGE:

Williams
v.
Baltimore &
Ohio R. R. Co.
This was an action instituted in the circuit court of Wood county, by the defendant in error against the plaintiff in error, to recover the value of certain goods delivered to the plaintiff in error to be carried to the defendant in error, at Petroleum Station, on the road of said Company, for reasonable reward. And it is alleged that the plaintiff in error so negligently conducted itself in regard to the transportation of said goods that "they were wholly lost to the defendant in error." A judgment was had by the defendant in error to which the plaintiff in error has obtained a *supersedeas* from this Court. Several questions are relied upon for the reversal of said judgment.

The *first* is, did the court err in overruling a demurrer to the declaration? The declaration is taken, evidently from two forms given by Robinson in the fourth volume of his Practice pp. 780-3. These are the copies of declarations in the cases of *Pozzi v. Shipton*, 35 Eng. C. L. 575, and *Raphael v. Pickford*, 44 Eng. C. L., in which cases it was decided that a recovery could be had against a carrier, for any species of loss for which a carrier would be responsible; 4 Rob. New Prac. 781. It is claimed that the declaration should have alleged the non delivery in express terms; that the allegation that the goods "were by the negligence of the carrier wholly lost to the defendant in error," is not equivalent to an express denial of delivery, and therefore insufficient. This was the very allegation in the declaration of *Raphael v. Pickford*. In that case the goods came to hand, but too late to be of value to the plaintiff. Now if that would be good, under such circumstances, it must be good if never delivered, as in the present case. Our statute in regard to demurrers provides, "that unless it be to a plea in abatement, the court shall not regard any defect or imperfection in the declaration or pleading, whether it has heretofore been deemed mispleading or insufficient plead-

ing or not, unless there be omitted something so essential to the action or defence that judgment according to law and the very right of the cause, cannot be given." I do not see that there is any such omission from the declaration in this case. The court is informed by the declaration that the goods were shipped by a common carrier, and that they were to be delivered to the defendant in error; but that said carrier so negligently acted that the "goods were wholly lost to the plaintiff." Here is the loss caused by the negligence of the carrier charged. When the evidence is heard it proves to be a fact that the goods were never received by him and therefore were "wholly lost to the plaintiff," by non delivery or otherwise—(the particular means by which the loss occurred not being material)—There is ample to enable the court to give judgment according to the very right of the cause. I am therefore of opinion that the demurrer was properly overruled. See opinion of Tindal C. J. in *Raphael v. Pickford*, 5 Man. and Gr. 551 ; 44 Eng. C. L.

The *next* error relied upon is, because the court refused the plaintiff in error a continuance upon the ground disclosed by the *first* bill of exceptions. These facts are, substantially, that the late George H. Lee was the chief counsel for the defendant, and that he departed this life on the eighteenth day of November, 1873, that being the first day of the term—still in session on the twenty-third of January, 1874,—that it was supposed that Judge Lee had certain memoranda or papers, called "tracers," made by the defendant or its agents, when goods were claimed to be lost; that the counsel present could not procure these papers, but which if procured would not be evidence. The absence of these papers was the only ground upon which the application for a continuance was placed; and it was admitted that the papers could not be used as evidence if present. It was not claimed that the defendant had no counsel by reason of the death of Judge Lee or that they would suffer from that cause if

1876.
June Term.

Williams
v.
Baltimore &
Ohio R. R. Co.

forced to trial.  The death of a chief counsel just before the trial might present a strong appeal to the court for a continuance, if it was claimed and believed that the party could not procure, in so short a time, the services of other counsel on whom he could rely.  This is not placed upon any such ground, but simply upon the absence of certain papers made by the defendant, which if present, could not be used as evidence.  I do not think any case can be found holding it to be error for which a judgment should be reversed for any such reason.

The *second* bill of exceptions is taken to the admission of the receipt executed by the agent of the railroad company, upon the ground that it is different from that alleged in the declaration.  The receipt is for "one box boring tools, one sand pump, one boring stem."  The declaration alleges "that the plaintiff caused to be delivered to the defendant, and that the defendant then and there accepted from the plaintiff," one box of oil well tools," (containing certain enumerated articles) one drill stem and one sand pump—and proved that a boring stem was called, indifferently, augur stem, drill stem and boring stem."  I think there was no error in permitting this receipt to go to the jury, all prerequisites having been proven to make it admissible;—such as the agency of and execution of the receipt by Montgomery—the description in the declaration and receipt being substantially the same.

The *fourth and last* question arises upon the *third* bill of exceptions taken at the trial.  After verdict the defendant moved the court to set aside the verdict and grant a new trial on the ground that the verdict was contrary to the evidence; and on consideration of that motion the court overruled it and entered judgment.  The facts are certified.  There can be no doubt about the right of the plaintiff to a recovery under the facts certified according to the verdict of the jury.  It was proven

that the defendant, a common carrier, had, on the four-
teenth of February, 1865, received for the plaintiff the
goods of plaintiff of the value of $335, to be carried
from Parkersburg to Petroleum Station on said road, and
to be safely delivered to the plaintiff, but which goods
the defendant never did deliver and the same were whol-
ly lost to the plaintiff. This shows a complete right to
recover the value thereof. The main point relied upon
by the counsel is that the verdict was for a larger sum
than the damages claimed in the declaration. When
this was discovered to be the fact the plaintiff released all
over the damages claimed in the declaration, for the pur-
pose of avoiding this question; but the plaintiff in error
claims that this was not sufficient, because it was after
judgment had been entered on the verdict. If it had
been done before the judgment I suppose it would have
been considered that it was according to precedent long
established in such cases. But what is the difference?
The defendant is not injured by the error, if error it be.
This state of facts may often arise under our statute
which requires the jury or court to aggregate principal
and interest in actions upon contract to the time of the
trial, and declares that such aggregated sum shall bear
interest from the date of the judgment. Code of West
Va. ch. 131, sect. 14. This cause of action grew out of
contract, and the jury not only had a right, but ought, to
allow interest from the breach of the contract to the time
of trial and aggregate the principal and interest in the
verdict, so that the court could render a judgment there-
on with interest from the date of the judgment. This
was evidently done in this case, making the sum greater
than the damages claimed in the declaration, which was
caused by the long delay in obtaining a trial. It does
not appear when this suit was instituted, as the record
only gives an amended declaration, but no doubt this
suit was instituted before the above provision in our
Code. The plaintiff was really entitled to the $534,
found by the verdict of the jury, but he released the

1876.
June Term.

Williams
v.
Baltimore &
Ohio R. R. Co.

excess which was a clear gain to the defendant, and I do not see how it can be allowed to complain of that matter.

I am therefore of opinion that the judgment should be affirmed with costs and damages to the appellee.

The other Judges concurred.

JUDGMENT AFFIRMED.