CAMELLA W. PARR *v.* COCA-COLA BOTTLING WORKS OF CHARLESTON, WEST VIRGINIA

(No. 8887)

Submitted May 9, 1939. Decided June 13, 1939.

*Mahan, Bacon & White,* for plaintiff in error.

*R. J. Thrift, Jr.,* and *Lilly & Lilly* and *David G. Lilly, Jr.,* for defendant in error.

KENNA, JUDGE:

This action of trespass on the case was brought by Camella W. Parr against Coca-Cola Bottling works of Charleston in the Circuit Court of Fayette County, and from a verdict and judgment of three thousand dollars against it, the defendant prosecutes this writ of error. The ground of recovery upon which the verdict rests

is the negligence of the defendant in selling to a distributor at Montgomery a bottle of Coca-Cola containing maggots, which was bought and consumed by the plaintiff in November, 1935.

The grounds of error assigned by the defendant below, plaintiff in error, are: (1) that the gravamen upon which recovery is sought is the negligence of the defendant, and there being no negligence shown, there can be no recovery; (2) the doctrine of *res ipsa loquitur* was erroneously applied; (3) it constituted error for the trial court to give plaintiff's instructions numbers one and four and to decline to give defendant's instruction number two; (4) it was error to permit Doctor Jones, who treated and examined the plaintiff for the defendant, to testify concerning a lengthy history of the plaintiff's case upon which his diagnosis was partly predicated; (5) the court erred in refusing to permit defendant to show the efficiency with which its bottling plant was operated by testimony that no other person had been injured by consuming its product; (6) the court erred in permitting Doctor Frazier, who had treated the plaintiff, to respond to a misleading and incomplete hypothetical question; (7) the court erred in overruling defendant's motion to direct a verdict; (8) the court erred in refusing to set aside the verdict because of its excessiveness.

Dealing with these points of error in the order that they are enumerated, we think that the first two are disposed of by this Court's holding in the case of *Nellie Webb* v. *Brown & Williamson Tobacco Company.*, 121 W. Va. 115, 2 S. E. (2d) 898, 900, which was decided after the writ of error was granted in the instant case. In the *Webb* case, this Court held that the doctrine of *res ipsa loquitur* did apply under facts similar to those shown here, although involving a different product, the following language being quoted from page five of the opinion as handed down: "The jury had the right to believe that the system used by the manufacturer was not sufficient to prevent the presence of a foreign substance in the manufactured product involved in this case. Realiz-

ing the difficulties surrounding our decision, we hold that the question of negligence was one for jury determination, and that on the question of liability of the manufacturer, its verdict cannot be disturbed." This, we think, disposes of the question of negligence and of the question of applying the doctrine of *res ipsa loquitur*.

Plaintiff's instruction number one was refused as offered but was given as amended. It told the jury that if it believed from a preponderance of the evidence that the plaintiff had purchased a bottle of coca-cola containing a decomposed substance in violation of the statute (Code, 16-7-1) prohibiting the sale of an adulterated drink or one which consisted wholly or in part of diseased, decomposed, putrid, tainted or rotten animal or vegetable substance, the person who bottled the drink was to be deemed *prima facie* guilty of negligence, and that if that negligence was the proximate "result" of the plaintiff's sickness, the plaintiff being guilty of no contributing negligence, they should find for the plaintiff, etc. The question here involved, we think, is also settled by the *Webb* case, and apparently the giving of the instruction was based primarily upon the rule of *res ipsa loquitur,* which counsel for the defendant questioned by objecting to the instruction.

The objections to plaintiff's instruction number four, tendered by defendant's attorney, were met by an amendment and do not seem to have been renewed after the amendment was accepted.

The objection to defendant's instruction number two was based upon the fact that this instruction does not recognize the applicability of the rule of *res ipsa loquitur,* and because the trial court considered the rule applicable to this sort of case, the instruction was refused. As we have already stated, we think that the holding of this Court in the *Webb* case disposes of this question.

We do not think that it constituted error to permit Dr. R. H. Jones to read to the jury the history of the plaintiff's case and physical condition, a great part of which was made known to him by the plaintiff herself, upon

which he had based his opinion and diagnosis of the plaintiff's condition. The trial court might have been asked to direct the jury to consider the proof so offered and given, not as proof of the fact stated but only as establishing the basis of Dr. Jones' diagnosis. This was not done. Only a general objection was made, therefore it was not error to admit this testimony without qualification.

The fifth assignment of error, we do not consider well taken. The proof offered by the defendant that there had been no complaints of impure or contaminated Coca-Cola obviously would give rise to too many immaterial issues which have no direct bearing upon the instant case. We think it unnecessary to cite authority to sustain the trial court's finding.

As to the sixth assignment of error, we do not believe that the defendant's objection to the hypothetical question propounded by the plaintiff to Dr. Frazier is well taken. Without passing upon the form of the hypothetical question involved, we think that this assignment of error is disposed of by the observation that since the objection failed to specify either matters included in the question or matters omitted therefrom which constituted error, but was simply stated generally, it falls short of raising a question of reversible error because it was not sufficiently specific. *Hazelrigs* v. *City of Huntington*, 116 W. Va. 757, 182 S. E. 877; *Adams* v. *G. C. Murphy Co.*, 115 W. Va. 122, 174 S. E. 794.

We do not think that it is necessary to discuss the seventh ground of assigned error, because the specific assignments of error elsewhere discussed sufficiently cover the refusal of the trial judge to direct a verdict for the defendant.

As to the excessiveness of the verdict, there can be no question but that it was sufficient. There was no little confusion in the testimony which related to Mrs. Parr's physical condition and the causes of it. However, since the excessiveness of the verdict was not one of the grounds for moving to set the verdict aside in the trial

court, it is difficult to perceive how prejudice, partiality, passion, corruption or mistake could have been apparent. Otherwise, the verdict must stand. *Collins* v. *Skaggs*, 110 W. Va. 518, 520, 159 S. E. 515. We so hold.

We do not think that our attention has been directed to any apparent error upon the face of this record. We therefore affirm the judgment of the Circuit Court of Fayette County.

*Affirmed.*

Judge Hatcher concurs in the result but not in Syllabus one.