CELIA BLEVINS *v.* RALEIGH COCA-COLA BOTTLING WORKS

(No. 8860)

Submitted April 18, 1939. Decided June 20, 1939.

*Brown, Jackson & Knight,* for plaintiff in error.
*C. R. Harless* and *Ned H. Ragland,* for defendant in error.

KENNA, JUDGE:

In an action of trespass on the case brought in the Circuit Court of Raleigh County, the plaintiff, Celia Blevins, obtained a judgment against the defendant, Raleigh Coca-Cola Bottling Works, a corporation, in the amount of three hundred and fifty dollars. This writ was granted the defendant below.

According to the allegations in the plaintiff's declaration and the proof offered, plaintiff and her husband were engaged in the business of selling groceries and soft drinks, including coca-cola, at retail in Raleigh County. In December, 1936, plaintiff drank from a bottle of coca-cola, purchased from an agent of the defendant, which contained a deleterious substance not specifically described in the plaintiff's testimony, but spoken of as "some kind of old rotten meat", the quantity of which was sufficient to stop up the neck of the bottle. The consumption of the foreign substance in the bottle made the plaintiff ill, and there is no question raised as to the excessiveness of the jury's verdict. The plaintiff's right of recovery is predicated upon the defendant's negligence, which the defendant by its plea of general issue denied, and offered proof of a bottling method and system carried on with what they regarded as a very high degree of care, but no testimony was offered which related to the preparation of the specific article consumed by the plaintiff.

It is now urged that the trial court erred (1) in not directing a verdict for the defendant because (a) the evidence failed to show any negligence on the part of the defendant; (b) the evidence of the defendant conclusively established the exercise of due care in the preparation and bottling of its coca-cola; and (c) the evidence failed to show that the foreign matter alleged to have been found in the bottle was actually harmful, and in addition, the court erred (2) in not giving the defendant's instruction number five. Defendant's instruction number five told the jury that merely finding a foreign substance in the bottle of coca-cola did not establish negligence on the part of the defendant, though the evidence did show

that the defendant had prepared the bottle of coca-cola referred to by plaintiff.

In so far as the proof of negligence is concerned, it is now the established rule in this state affecting the preparation and distribution of foodstuffs that the rule of *res ipsa loquitur* applies between the packer and the ultimate consumer, and that it rests with the jury to determine whether the packer-defendant's proof of a method and system showing the exercise of extraordinary care, but not relating to the specific article consumption of which it is contended injured the plaintiff, is insufficient to overcome the *prima facie* presumption of negligence. *Webb* v. *Brown & Williamson Tobacco Co.,* 121 W. Va. 115, 2 S. E. (2d) 898; *Parr* v. *Coca-Cola Bottling Works,* 121 W. Va. 314, 3·S. E. (2d) 499.

We are of the opinion that the above statement meets all of the assignments of error with the single exception of subdivision (c) of the first point to the effect that the plaintiff's proof fails to show that the foreign matter contained in the bottle of coca-cola consumed by the plaintiff was actually harmful. Of course, if this point is well taken, then the rule of *res ipsa loquitur* has no foundation and the judgment would have to be reversed and the verdict set aside. However, without going into detail, we are of the opinion that proof of the plaintiff showed circumstances which sustain the conclusion that the drink did contain a harmful foreign substance. Plaintiff testified that she drank from a bottle of coca-cola which contained a foreign substance that made her sick, and that for several days thereafter she could retain no nourishment, and was nervous and unable to work. In point of time, the circumstances coincided, according to the plaintiff's proof, and apparently there was no other reason for her upset physical and nervous condition. There was no medical testimony which might or might not have simplified the question, but which, at all events, is not essential.

The judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*

430

HATCHER, JUDGE, dissenting:

Defendant presented competent evidence showing that (a) it had the best type of machinery on the market; (b) its operating methods were the same as those of recognized standard bottling companies; (c) it employed "excellent help", and used every care possible in mass production; and (d) a bottle could not go through its soaking, brushing and bottling machines and "come out" containing a substance like that alleged by plaintiff. She lived within a few miles of defendant's plant. She and her husband were requested by defendant's manager to inspect the plant and they refused. They made no attempt whatever to investigate defendant's methods or to refute its evidence of care. Negligence is want of reasonable care. 45 C. J., Negligence, sec. 1; *Washington* v. *Rr. Co.*, 17 W. Va. 190. Such want is not shown and, in my opinion, predication of the judgment on negligence is not justified.