109 S.E.2d 489 (1959)
Jean C. FERRELL
v.
ROYAL CROWN BOTTLING COMPANY OF CHARLESTON, WEST VIRGINIA, et al.
No. 11019.
Supreme Court of Appeals of West Virginia.
Submitted April 28, 1959.
Decided June 2, 1959.
Dissenting Opinion July 15, 1959.
*490 Palmer & Elkins, J. Campbell Palmer, III, Charleston, for plaintiff in error.
Kay, Casto & Chaney, John S. Haight, Charleston, for defendants in error.
GIVEN, President.
Plaintiff, Jean C. Ferrell, instituted her action of trespass on the case in the Court of Common Pleas of Kanawha County, against The Royal Crown Bottling Company of Charleston, West Virginia, for damages alleged to have resulted from an injury occasioned by an exploding bottle containing a carbonated beverage, manufactured and bottled by defendant. A jury returned a verdict in favor of plaintiff, in the amount of fifteen thousand dollars. The Circuit Court of Kanawha County, on writ of error to the judgment entered on the verdict, on the theory that the res ipsa loquitur rule was inapplicable to the facts proved, reversed the judgment of the Court of Common Pleas of Kanawha County, set aside the verdict and granted defendant a new trial.
On Monday, September 17, 1956, about 5:00 P.M., plaintiff went to the K T Market, a self-service market, obtained a "push" basket, and proceeded to the place in the market where carbonated drinks were stacked on a shelf. She selected a carton of six bottles of Royal Crown Cola and placed it in the push basket. Almost immediately she "heard a fizzing noise", and was struck by flying glass from a Royal Crown exploded bottle. The exploded bottle came from a carton remaining on the shelf. Plaintiff had never touched the carton which contained the exploded bottle, or the bottle itself. After the explosion there was on the shelf a carton which contained only five bottles of Royal Crown Cola.
Controlling or essential facts relied on by plaintiff to raise an inference of negligence on the part of defendant are not in dispute, or are so definitely supported by a clear preponderance of the evidence that a court would not be justified in disturbing *491 the verdict on such ground. The defendant manufactured, bottled and delivered the soft drink to the K T Market and placed it on the shelf reserved by the market for that particular type of soft drink. The bottle was contained in a paper carton containing six bottles. The delivery was made by the truck driver of defendant, almost certainly on the Monday afternoon on which the bottle exploded. While there existed a possibility that some employee of the market, or some customer, handled or mishandled the bottle which exploded, or the carton in which it was delivered, there is no proof, indeed no attempt to prove, that the bottle or the carton was probably handled or mishandled by any such person. The evidence, we think, excludes any such probability. There is no contention by plaintiff, however, that the actual control of the particular bottle had not passed from defendant before the time of the explosion.
On behalf of defendant, it is shown that Royal Crown Cola is manufactured and bottled by use of "standard makes of machines and they are modern machines"; that bottles re-used are "mechanically brushed" inside, and thoroughly washed and cleaned in a manner approved by the industry; and that the bottles are carefully and thoroughly inspected twice, by experienced persons using proper lights, for the purpose of discovering and eliminating any defective bottle, or any bottle not properly filled, before placing them on the market. No evidence related to the specific bottle which exploded, and defendant admits that some defective bottles may get past the inspectors. Part of the ingredients of the soft drink are "Water and CO2 gas".
Glass from the exploding bottle severed a tendon of plaintiff's right foot, "the tibialis anticus", and, because of infection, second surgery was necessarily performed. Plaintiff's right foot and leg were kept in a plaster cast approximately six weeks, and she used crutches for a considerable period of time thereafter. A permanent "residual scar" resulting from the surgery was exhibited to the jury. That plaintiff suffered much pain appears not to be questioned. The physician who performed the last surgery testified that, in his opinion, the restriction in the movement of the foot, resulting from the injury to the tendon, would return to normal, "I will say in years". There is no contention to the effect that the amount of the verdict returned by the jury was excessive.
The contention of plaintiff is that though physical control of the instrumentality which caused the injury had passed from the defendant prior to the time of the explosion, the rule of res ipsa loquitur applies, since plaintiff established by proof that negligence of persons who subsequently had, or may have had, control of the bottle, did not proximately contribute to the cause of the explosion, and that such rule represents the view of a great majority of the courts, and was followed by this Court in Rutherford v. Huntington Coca-Cola Bottling Co., 142 W.Va. 681, 97 S.E.2d 803. Defendant concedes that the so called "modern view" contended for by plaintiff has been "adopted in West Virginia", but insists that plaintiff has not, in her evidence, negatived "all reasonable inferences of negligence, save that of the defendant".
In Blevins v. Raleigh Coca-Cola Bottling Works, 121 W.Va. 427, 3 S.E.2d 627, 628, this Court stated: "In so far as the proof of negligence is concerned, it is now the established rule in this state affecting the preparation and distribution of foodstuffs that the rule of res ipsa loquitur applies between the packer and the ultimate consumer, and that it rests with the jury to determine whether the packer-defendant's proof of a method and system showing the exercise of extraordinary care, but not relating to the specific article consumption of which it is contended injured the plaintiff, is insufficient to overcome the prima facie presumption [inference] of negligence. Webb v. Brown & Williamson Tobacco Co., 121 W.Va. 115, 2 S.E.2d 898; Parr v. Coca-Cola Bottling Works, 121 W.Va. 314, 3 S.E. 2d 499." In that case and the cases cited *492 therein, in the Rutherford case and in the Holley v. Purity Baking Company case, 128 W.Va. 531, 37 S.E.2d 729, 167 A.L.R. 648, alleged liabilities were founded on the presence in the original packages of deleterious or harmful substances. In the instant case, and in Keffer v. Logan Coca-Cola Bottling Works, 141 W.Va. 839, 93 S.E.2d 225, the injuries complained of resulted from exploding bottles. The factual differences are not controlling. In each type of case the question involved related to whether exclusive control of the bottle by the bottler remained an essential element of proof by the plaintiff, before he is entitled to have the benefit of the inference arising from the application of the res ipsa loquitur rule.
In the Keffer case, after carefully pointing out the insufficiency of the evidence to permit the application of the res ipsa loquitur rule, the Court stated [141 W.Va. 839, 93 S.E.2d 229]: "It is unnecessary for this Court in the case at bar to decide whether in some circumstances the doctrine of res ipsa loquitur may be applied in a case for personal injuries allegedly caused by the bursting of a bottle, where, unlike in the case at bar, there was no intervening cause shown to have caused the bottle to burst * * *".
In the Rutherford case the rule of res ipsa loquitur was applied, though control of the bottle had passed from defendant, after the Court had carefully pointed out that "* * * There is no evidence in this case from which the jury could conclude that it was more likely that some evilly disposed person took the cap off of the bottle of coca-cola, from which the plaintiff later drank, inserted some small particles of glass therein, and carefully replaced the cap while the bottle sat near the vending machine, than that such procedure could have been effected after the bottles passed the final inspection at the defendant's plant, and before they were delivered to the Borden Company * * *". [142 W.Va. 681, 97 S.E.2d 808.] The Court, in that case, further stated: "* * * A comprehensive review of the cases in other jurisdictions upon this question indicates that the views herein expressed represent the great weight of authority, although there are cases to the contrary. No attempt will be made to refer to specific cases, but believing that it might be helpful, the following general citations are pertinent: 14 Va. and W.Va. Dig., Negl. 121(2, 3); 9 Va. and W.Va. Dig., Food 25; 13 M.J., Negl. § 25; 38 Am.Jur., Negl. § 295; 22 Am.Jur., Food § 117; 4 A.L.R. 1560; Windram Mfg. Co. v. Boston Blacking Co., 239 Mass. 123, 131 N.E. 454, 17 A.L.R. [669] 672; Heckel v. Ford Motor Co., 101 N.J.L. 385, 128 A. 242, 39 A.L.R. [989] 992; 47 A.L.R. 153; 63 A.L.R. 340; Baxter v. Ford Motor Co., 168 Wash. 456, 12 P.2d 409 [15 P.2d 1118], 88 A.L.R. 521, 527; McSpedon v. Kunz, 271 N.Y. 131, 2 N.E.2d 513, 105 A.L.R. [1497,] 1502; Chanin v. Chevrolet Motor Co., 7 Cir., 89 F.2d 889, 111 A.L.R. 1235, 1239; Johnson v. Stoddard, 310 Mass. 232, 37 N. E.2d 505, 140 A.L.R. [186,] 191; 142 A.L.R. 1490; 20 Minn.L.Rev. 241; 25 Va.L.Rev. 246; 40 Va.L.Rev. 951." The Court, in the Rutherford case, having clearly followed the rule representing "the great weight of authority", should not now question that rule.
It must not be concluded, however, that the holding extends to cases like Cunningham v. Parkersburg Coca-Cola Bottling Co., 137 W.Va. 827, 74 S.E.2d 409. In such cases the rule requiring proof of exclusive control is applicable. Neither can it be concluded that, as to a package of food or a bottle containing a deleterious or harmful substance, or as to an exploded bottle, that the packer or the bottler is precluded as to any meritorious defense. It does afford a plaintiff a method whereby he may obtain jury consideration of a set of facts permitting recovery where exclusive control of the package or bottle has passed to another person, upon proof that no probability existed that negligence of any person other than the defendant contributed proximately to the injury. The inference arising from proof of a proper set of facts is merely a permissive inference. There *493 is, perhaps, more logic in applying the rule in the case of an exploded bottle than where a foreign substance, say broken glass, is found in the bottle. In the case of an exploded bottle, there can hardly arise even a suspicion that the person injured could have committed any act which would have injured the inside of the bottle, or increased the usual inside pressure thereof. The res ipsa loquitur rule came into existence for the purpose of affording a plaintiff a method of establishing a prima facie case not otherwise provable. There existed sound reason for the creation of the rule, and the same reasoning, as followed in the Rutherford case, under present day methods of packaging food and bottling carbonated beverages, justifies the variation of the rule. Those who bottle and deliver carbonated drinks are aware of the ever potential danger to an ultimate user by the explosion of an improperly designed or defective bottle, or a bottle with too great inside pressure. They also have knowledge that the bottle will reach the hands of the consumer without further inspection. The consumer has little or no knowledge of the potential danger and, in most cases, at least, no way of discovering such danger. In such circumstances, the bottler cannot complain that too great a burden is placed on him by the variation of the rule.
We are further of the opinion that the proof of plaintiff was sufficient, at least for jury determination, to exclude any probability that the explosion of the bottle was caused, or partly caused, by any negligence or improper act of any person who may have handled the bottle subsequent to its delivery by defendant. In fact, there is no proof worthy of jury consideration to the effect that the bottle, or the carton in which it was placed, was handled by any person subsequent to its delivery by the driver of defendant.
We have carefully examined the other errors complained of by defendant as justifying the action of the circuit court in setting aside the verdict. We believe them sufficiently answered by what has been said, or that they are without substantial merit.
The judgment of the circuit court complained of is reversed, the verdict of the jury and the judgment of the Court of Common Pleas of Kanawha County are reinstated, and the case is remanded.
Reversed and remanded.
HAYMOND, Judge (dissenting).
Believing that the decision of the majority in this case, reversing the judgment of the Circuit Court of Kanawha County which reversed the judgment of the Court of Common Pleas of that county and set aside a verdict in favor of the plaintiff, constitutes a substantial and in my opinion an utterly unwarranted departure from the doctrine of res ipsa loquitur as heretofore applied by this Court in a case of an explosion of an instrumentality which causes an injury, I respectfully but emphatically register my dissent.
This Court has heretofore repeatedly held that "The doctrine of res ipsa loquitur is that when a person who is without fault is injured by an instrumentality at the time within the exclusive control of another person and the injury is such as in the ordinary course of events does not occur if the person who has control uses due care, the injury is charged to the failure of such other person to exercise due care. It is based on the lessons of experience that an injury, in the usual course of every day conduct, does not occur if the person who controls an instrumentality which will likely produce injury exercises reasonable care to prevent its occurrence; and it is given practical effect as a part of the judicial function to administer justice between litigants." Pope v. Edward M. Rude Carrier Corporation, 138 W.Va. 218, 75 S.E.2d 584. (Emphasis supplied). See Mecum v. Food Machinery & Chemical Corporation, W.Va., 103 S.E.2d 897; Ellis v. Henderson, 142 W.Va. 824, 98 S.E.2d 719; Wright v. Valan, 130 W.Va. 466, 43 S.E.2d 364; Jankey v. Hope Natural Gas Company, 98 *494 W.Va. 412, 127 S.E. 199. The cited cases show that the element of control of the instrumentality is essential to the application of the doctrine and that when that element is missing the doctrine does not apply.
This Court has refused to apply the doctrine of res ipsa loquitur in cases involving an explosion of a steam boiler and also in a case involving an explosion in a coal mine. Hanley v. West Virginia, Central and Pittsburgh Railway Company, 59 W.Va. 419, 53 S.E. 625; Veith v. Hope Salt and Coal Company, 51 W.Va. 96, 41 S.E. 187, 57 L. R.A. 410; Dickinson v. Stuart Colliery Company, 71 W.Va. 325, 76 S.E. 654, 43 L.R.A.,N.S., 335. It has likewise said that the doctrine does not apply when the instrumentality which produced the injury was not within the control of the defendant when the injury occurred. State ex rel. Bennett v. Sims, 131 W.Va. 312, 48 S.E.2d 13, involving an explosion of dynamite; H. B. Agsten & Sons, Inc. v. United Fuel Gas Company, 117 W.Va. 515, 186 S.E. 126; Laurent v. United Fuel Gas Company, 101 W.Va. 499, 133 S.E. 116, and Marshall Window Glass Company v. Cameron Oil & Gas Company, 63 W.Va. 202, 59 S.E. 959, involving explosions of natural gas.
Until the present decision, this Court has refused to apply the doctrine to an explosion of a bottle which injured the purchaser when the defendant did not have control of the bottle at the time it exploded. Keffer v. Logan Coca-Cola Bottling Works, Inc., 141 W.Va. 839, 93 S.E.2d 225. It has also refused to apply the doctrine to a defective carton from which a bottle containing a carbonated beverage fell causing the bottle to break and injure the plaintiff who was severely cut by the broken glass when control of the bottle had passed from the bottler at the time of the injury. Cunningham v. Parkersburg Coca-Cola Bottling Company, 137 W.Va. 827, 74 S.E.2d 409.
In Laurent v. United Fuel Gas Company, 101 W.Va. 499, 133 S.E. 116, involving an explosion of natural gas in a building which resulted in property damage and also caused personal injuries to the plaintiff, this Court held in point 1 of the syllabus that "The doctrine of res ipsa loquitur cannot be invoked if defendant does not have control or management of the premises or operations where the accident occurred; or where there is divided responsibility, and the unexplained accident may have been the result of causes over which defendant had no control."
If the doctrine of res ipsa loquitur may not be invoked in cases in which there is an explosion of a steam boiler; or if it does not apply to an explosion of natural gas if the instrumentality which causes the injury is not within the control of the defendant at the time of the injury, it is difficult, indeed in my opinion logically, legally and practically unsound, to apply the doctrine to the manifestly less violent and less destructive explosion of a small glass bottle containing a carbonated beverage which has been placed and confined in the bottle under an ordinary amount of pressure of air when the bottle, at the time it explodes, is not within the control of the defendant.
The present decision is contrary to the most recent case decided by this Court involving the explosion of a bottle containing a soft drink, Keffer v. Logan Coca-Cola Bottling Works, Inc., 141 W.Va. 839, 93 S.E.2d 225, decided in 1956. In the Keffer case the evidence showed that after the bottle containing coca cola was sold and delivered by the defendant at wholesale to a retailer and may have been mishandled by someone other than an employee of the defendant bottling company, the bottle burst in the store of the retailer and injured the plaintiff who had purchased it. This Court in reversing a judgment entered upon a verdict for the plaintiff held in point 1 of the syllabus that "In an action against a bottler of soft drinks instituted to recover damages for personal injuries allegedly suffered by a plaintiff, who claims he was injured by being struck by a fragment of glass from a bursting soft drink bottle which he had purchased from a retailer of *495 soft drinks, the doctrine of res ipsa loquitur does not apply where the evidence establishes affirmatively that after the bottle was sold and delivered by the bottler at wholesale to the retailer, the bottle causing the injury may have been mishandled by someone other than an employee of the bottling company." (Emphasis supplied). As the bottle at the time it burst was not within the control of the defendant the doctrine did not apply to the facts established by the evidence. The recent case of Cunningham v. Parkersburg Coca-Cola Bottling Company, 137 W.Va. 827, 74 S.E.2d 409, can not in principle be distinguished from and is contrary to the decision in the case at bar.
The holding in the case at bar represents the first departure from the essential requirement of the doctrine of res ipsa loquitur that at the time of an injury caused by an explosion of a bottle, the instrumentality causing the injury must be within the control of the defendant. In my opinion the Keffer case can not be distinquished from the facts shown by the evidence in the case at bar. Though as stated in the opinion of the majority in this case the evidence did not show affirmatively that the bottle which exploded and injured the plaintiff had or may have been mishandled by someone other than an employee of the defendant, the evidence did not show that the bottle was not mishandled by someone other than an employee of the defendant. But however that may be, the statement in the majority opinion is that the plaintiff in this case does not contend or assert that the bottle when it exploded was within the control of the defendant. In fact the plaintiff concedes that control of the bottle had passed from the defendant when the injury occurred and for that reason the evidence bearing upon that issue is not of vital importance in the decision of this case.
In adopting the so-called "modern view" of the application of the doctrine of res ipsa loquitur in this type of case, this Court has substantially modified the doctrine as heretofore consistently applied in connection with the explosion of the instrumentality which produces an injury. This modification constitutes a dangerous and unwarranted innovation in its application in cases involving an explosion and in my judgment will create uncertainty and confusion in applying or refusing to apply the doctrine. It will impose an unjust hardship upon the bottler and for all practical purposes subject him to the liability of an insurer of the safety of the bottle. This I am unwilling to do.
It will not do to say, as does the majority opinion, that "Those who bottle and deliver carbonated drinks are aware of the ever potential danger to an ultimate user by the explosion of an improperly designed or defective bottle, or a bottle with too great inside pressure. They also have knowledge that the bottle will reach the hands of the consumer without further inspection. The consumer has little or no knowledge of the potential danger and, in most cases, at least, no way of discovering such danger. In such circumstances, the bottler can not complain that too great a burden is placed on him by the variation of the rule." Despite the statement just quoted, I think the bottler has just cause to complain of a ruling which subjects him alone to the application of the doctrine of res ipsa loquitur after the bottle has passed from his control. The boilermaker also knows that after his product has left his control there is potential danger that it will explode and that it will be subjected to varying degrees of heat and pressure by different operators, but despite this well-known situation he is not subjected to the application of the doctrine of res ipsa loquitur if the boiler explodes and causes a much greater injury than that caused by a bursting bottle. See Hanley v. West Virginia, Central and Pittsburgh Railway Company, 59 W.Va. 419, 53 S.E. 625; Veith v. Hope Salt and Coal Company, 51 W.Va. 96, 41 S.E. 187, 57 L.R.A. 410. The manufacturer of dynamite knows too that his product, after it leaves his control, will be subject to violent treatment and stored and used in temperatures of varying degrees and under different atmospheric *496 conditions which are likely to result in injury, but notwithstanding these known potential dangers the doctrine of res ipsa loquitur does not apply to him after his product has passed from his control. See State ex rel. Bennett v. Sims, 131 W.Va. 312, 48 S.E.2d 13. I am unwilling to place the bottler whose product is much less dangerous than an overheated or excessively pressured boiler or a mishandled stick of dynamite in a different category with respect to the application of the doctrine of res ipsa loquitur than that of the boilermaker or the manufacturer of dynamite; and, I repeat, to do so subjects the bottler to discrimination and an unjust and unequal burden in defending a claim for damages which result from his alleged negligence.
The majority seeks to justify its departure from the requirement that the instrumentality which causes the injury must be in the control of the defendant when the injury occurs by placing a bursting bottle containing a carbonated beverage in the category of a tightly capped bottle or a sealed package which when the cap is first removed from the bottle or the sealed package is first opened is found to contain a harmful substance the consumption of which results in injury. With this action of the majority I completely disagree.
It is true that this Court has applied the doctrine of res ipsa loquitur in the cases of Parr v. Coca-Cola Bottling Works of Charleston, West Virginia, 121 W.Va. 314, 3 S.E.2d 499, in which a harmful foreign substance consisting of maggots was found in a bottle of coca-cola; Webb v. Brown & Williamson Tobacco Company, 121 W. Va. 115, 2 S.E.2d 898, in which a harmful foreign substance consisting of a dead worm or a moth was found in a packaged piece of chewing tobacco; Blevins v. Raleigh Coca-Cola Bottling Works, 121 W.Va. 427, 3 S.E.2d 627, in which a deleterious substance consisting of "some kind of old rotten meat" was found in a bottle of coca-cola; Holley v. Purity Baking Company, 128 W.Va. 531, 37 S.E.2d 729, 167 A.L.R. 648, in which a foreign substance consisting of a small piece of wire was found in a cake in a cellophane wrapper; and Rutherford v. Huntington Coca-Cola Bottling Company, 142 W.Va. 681, 97 S.E.2d 803, in which small pieces of glass were found in a bottle containing a soft drink beverage and in which it appeared that the tightly capped bottle had not been opened until the plaintiff drank from it and was injured by the particles of glass. In those so-called sealed or original package cases, as stated in the opinion in the Cunningham case, which was distinguished from those cases, the doctrine of res ipsa loquitur "was held to apply only because no opportunity existed for any negligence on the part of any person other than the manufacturer." The opinion in the Cunningham case also contains these statements: "Neither can we apply the rule, in the instant case, on the theory that at the time of the injury the article causing the injury was under the exclusive control of defendant. In the instant case the carton alleged to have been defective was not under control of defendant, and had not been for at least three days prior to the time of the injury." Under the salutary principle of stare decisis, I adhere to the rule of the so-called sealed or original package cases, but I would not place the explosion of the bottle in the case at bar in that category where clearly it does not belong nor would I extend the application of the rule of those cases to the bursting of a bottle which contains a carbonated beverage after it has passed from the control of the bottler.
For the reasons stated and under the authorities cited and quoted from in this dissenting opinion, I would follow the decisions of this Court in the Keffer and Cunningham cases and affirm the judgment of the circuit court in refusing to apply the doctrine of res ipsa loquitur in this case.