G. O. WOOD, *Executor,* v. L. E. SHREWSBURY

(No. 8352)

Submitted May 13, 1936. Decided June 9, 1936.

*Sayre & Bowers,* for plaintiff in error.

*McGinnis, Ashworth & Mann* and *Clay S. Crouse,* for defendant in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of *nil capiat* rendered against the plaintiff in the circuit court of Raleigh County on a directed verdict for the defendant.

The action is the outgrowth of an automobile accident in the state of Virginia.

The plaintiff's decedent, C. G. Wood, and the defendant, L. E. Shrewsbury, men of maturity, were old friends, residing at Beckley, West Virginia. On October 16, 1934, they left Beckley and drove into the state of Virginia where they spent the night at Hillsville. The defendant was the owner and driver of the automobile. The plaintiff's decedent was an invited guest of the defendant.

On the morning of October 17th, while en route from Hillsville to Mount Airy, North Carolina, misfortune overtook them. As the car proceeded down a slight grade at an estimated rate of 35 to 40 miles per hour, and just after having emerged from a ten-degree curve to the left, it ran off the hard surface of the road on the right side, across the berm, so that the wheels on that side reached the ditch which was shallow at that

point. After proceeding about forty-eight feet on the right berm and in the ditch, the defendant succeeded in getting the car back onto the road, but after continuing about eighty-four feet, it went off the road into the left ditch where, after moving about seventy feet, it turned over and seriously injured the guest. After three months' hospitalization, he died of the injuries resulting from the accident.

The burden of the plaintiff's complaint on this writ of error is that the trial court should not have directed a verdict for the defendant, but should have submitted to the jury the question of the latter's alleged negligence at the time of the accident.

The accident having occurred in the State of Virginia, it must be appraised under the law of that state. *Clise* v. *Prunty*, 108 W. Va. 635, 152 S. E. 201.

In Virginia, the owner or operator of an automobile is not liable for injury to a guest therein save on the basis of gross negligence. *Boggs* v. *Plybon*, 157 Va. 30, 160 S. E. 77; *Jones* v. *Massie*, 158 Va. 121, 163 S. E. 63; *Gale* v. *Wilber*, 163 Va. 211, 175 S. E. 739; *Young* v. *Dyer*, 161 Va. 434, 170 S. E. 737; *Daub* v. *Weaver*, (Va.) 178 S. E. 794. The rule in that state seems to have been based in the first instance on the so-called Massachusetts rule. *Massaletti* v. *Fitzroy*, 228 Mass. 487, 118 N. E. 168. That line of cases places gross negligence in a realm wherein there is a materially greater want of care than in situations of ordinary negligence, but in which realm there is involved something less than the willful, wanton and reckless conduct which makes a defendant liable to a mere trespasser.

In West Virginia, with respect to the degree of care owing by the operator of an automobile to a guest therein, we have not adopted the gross negligence rule of the State of Virginia and some other jurisdictions. We adhere to the rule of reasonable care. *Lewellyn* v. *Shott*, 109 W. Va. 379, 155 S. E. 115; *Marple* v.

*Haddad,* 103 W. Va. 508, 138 S. E. 113; *Moorefield* v. *Lewis,* 96 W. Va. 112, 123 S. E. 564.

The jurisprudence of this state, however, has given emphatic recognition to the usefulness of the phrase "gross negligence." Thus, in *Poling* v. *Railroad Co.,* 38 W. Va. 645, 18 S. E. 782, 787, 24 L. R. A. 215, this court, after noting that the modern tendency is to disregard the use of the phrase "gross negligence," said, in reference to the correlatives "gross negligence" and "simple negligence": "Nevertheless, this broad and simple classification is, with us, still regarded as useful and convenient in two or more classes of cases." In further elaboration, the court said that the terms "utmost care" and "slightest negligence" are applicable to common carriers of passengers, and the terms "slight care" and "gross negligence" are applicable to voluntary licensees and trespassers.

Apropos of the degrees of negligence, ordinary and gross, the Supreme Court of the United States stated in *Railroad Company* v. *Lockwood,* 17 Wall. 357, 382, 21 L. Ed. 627, 641: "Strictly speaking, these expressions are indicative rather of the degree of care and diligence which is due from a party and which he fails to perform, than of the amount of inattention, carelessness, or stupidity which he exhibits. If very little care is due from him, and he fails to bestow that little, it is called gross negligence. If very great care is due, and he fails to come up to the mark required, it is called slight negligence. And if ordinary care is due, such as a prudent man would exercise in his own affairs, failure to bestow that amount of care is called ordinary negligence. In each case, the negligence, whatever epithet we give it, is failure to bestow the care and skill which the situation demands; and hence it is more strictly accurate perhaps to call it simply 'negligence.'" For a general discussion of these gradations, see 20 Ruling Case Law, pages 21 to 24.

Whatever phraseology is used with respect to the conduct of a defendant charged with negligence the ju-

dicial inquiry must be whether he exercised proper care under the circumstances.

Though we must look to the law of Virginia for the standard by which to measure the defendant's conduct at the time of and immediately preceding the accident, all matters pertaining to the trial must be determined by the law of this jurisdiction—the *lex fori*. "The law of the place where the suit is brought governs the remedy. This includes the mode of proceeding, the form of the judgment or decree, and the methods of carrying them into execution." *Wick* v. *Dawson,* 42 W. Va. 43, 24 S. E. 587, 588. Consult: *Dulin* v. *McCaw,* 39 W. Va. 721, 20 S. E. 681; 12 Corpus Juris, p. 483; 5 Ruling Case Law, p. 1042; Story on the Conflict of Laws, (8th Ed.) section 556.

The West Virginia rules with respect to the duties of trial judges in negligence actions are simple and plain. If, on a conflict of evidence, there is presented a question of negligence or contributory negligence as to which reasonable men might readily differ, the problem is for jury determination, and the trial judge should not direct a verdict. *Jaggie* v. *Colliery Co.,* 75 W. Va. 370, 84 S. E. 941; *Walters* v. *Power Co.,* 75 W. Va. 676, 84 S. E. 617; *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726, 65 S. E. 200, 29 L. R. A. (N. S.) 487; *Morrison* v. *Roush,* 110 W. Va. 398, 158 S. E. 514. But where the governing facts are not disputed and are such that reasonable minds could draw but one conclusion from them, the questions of primary negligence and contributory negligence are for judicial determination as matters of law. *Linville* v. *Chesapeake & Ohio Railway Co.,* 115 W. Va. 610, 177 S. E. 538; *Craft* v. *Fordson Coal Co.,* 114 W. Va. 295, 171 S. E. 886; *Ketterman* v. *Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683. An efficient measure to be applied by a trial court in determining questions of negligence and contributory negligence is this: If the controlling facts which appear from the evidence are so conclusive that the court would be impelled to set aside a verdict adverse to such facts,

the court should direct a verdict in conformity therewith; otherwise, the case should go to the jury. *Ketterman* case *supra*. The facts at bar were undisputed. It follows, therefore, that the trial court was warranted in directing a verdict for the defendant if reasonable minds could not differ as to the proper conclusion to be deduced from the evidence, and if the court would be compelled in furtherance of justice to set aside a verdict for the plaintiff.

Thus, the vital queries: In what particular did the defendant fail to exercise due care under the circumstances? Wherein, under the Virginia rule, was he guilty of "gross ngligence?" Certainly, the fault did not lie in excessive speed, for a rate of 35 to 40 miles per hour at the point of emergence from an easy curve on a dry, hard surfaced, open country road, is well within the bounds of conservatism. No evidence tends to establish that the accident was caused by any mechanical defect in the automobile. It was comparatively new and in good condition.

There is no evidence to show that the defendant was not giving close attention to the driving of the car. Witnesses quote him as stating subsequent to the accident that he lost control of the car when it emerged from the curve and entered the straight road ahead. Though it be recognized that this involved an inadvertence on the defendant's part, it does not follow that he was guilty of failure to exercise proper care under the circumstances. A human organism is inherently liable to mental and physical fault. This is common knowledge which an automobile guest may not ignore when he receives the hospitality of the owner or operator. The guest must recognize that his safety is not guaranteed. He must accept the automobile as he finds it, subject to the duty of the operator to warn him of any known dangerous defects. *Marple* v. *Haddad, supra.* Also, he must accept the operator as he finds him—a human being, not infallible in the management of his car, nor free from human frailties. Just as, in

such circumstances, there can be no recovery by a guest for a mishap attributable to an unknown and unanticipated mechanical defect in the machine, neither can he recover for injury resulting solely from failure of the human organism—the man at the wheel—to function with the highest efficiency at a given instant, if, under the rule obtaining in West Virginia, he was exercising ordinary care, or, under the rule in Virginia, was exercising slight care for his guest's welfare.

Though we do not apply the gross negligence rule in automobile guest cases arising in this jurisdiction, we nevertheless consider that such cases must be closely scrutinized, and that in bringing to bear on the owner or operator of an automobile the rule of ordinary care, such appraisement must be made in the light of the circumstances, generally outstanding among which is the fact that a person who has accepted the hospitality of his host seeks to recover from him damages because of fortuitous circumstance later arising. Some of the states have by legislation precluded such actions except upon a showing of extreme or wanton misconduct of the host.

On the facts at bar we are clearly of opinion that the defendant did not, under the Virginia rule, fail to exercise slight care for the safety of his guest, and therefore was not guilty of gross negligence. With such background, the trial court could not properly have sustained a verdict for the plaintiff had the case been submitted to the jury and such verdict resulted.

The plaintiff's reliance on the doctrine of *res ipsa loquitur* is not well grounded. The rule warrants an inference of simple negligence—the thing itself speaks. But where gross negligence is sought to be established there must be affirmative proof tending to magnify the negligence. So that in the latter class the inference arising from the happening is not of itself sufficient to meet the requirements. *Winslow* v. *Tibbetts*, 131 Me. 318, 162 A. 785; *Jones* v. *Nugent*, (Va.) 180 S. E. 161.

Therefore, the court acted in proper discharge of its

duty in striking out the evidence of the plaintiff and directing a verdict for the defendant.

We affirm the judgment of the trial court.

*Affirmed.*