## Perry v. Krumpelman.

March 18, 1949.

Jones, Keith & Jones for appellant.

Davis, Boehl, Viser & Marcus and J. L. Richardson for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, Nell R. Perry, instituted this action seeking recovery against appellee, Keller Krumpelman, for injuries received as the result of her falling out of appellee's car into the street. The court gave a peremptory instruction in favor of appellee, to reverse which this appeal is prosecuted.

The Krumpelmans and Perrys were friends and neighbors. Appellant and Mrs. Krumpelman were employees at the Yellowstone Distillery in Louisville. It

appears that it was the custom for either the appellant's husband or appellee to take Mrs. Perry and Mrs. Krumpelman to work in the morning and the other to bring them home in the evening. On the day of the accident, which was February 7, 1947, Mr. Perry had taken them to work. About 4:00 o'clock that afternoon Mr. Krumpelman had gone to the distillery for the purpose of bringing them home. The three of them got into the front seat of the car. Mr. Krumpelman did the driving; his wife sat in the middle, and Mrs. Perry sat on the extreme right. As they were proceeding southwardly on Taylor Boulevard on their way home, they made a left turn into Ashland, when at about the time they finished the turn, the door on the right side of the automobile flew open. Mrs. Perry was thrown from the car to the pavement, as a result of which she suffered serious and permanent injuries.

In her suit against appellee, she does not claim that appellee was driving negligently, or that he was in any way negligent in the operation of his car. The basis of her complaint is that the door of the automobile was broken before she got into the car, and that appellee did not tell her there was any danger in riding next to the door. It is insisted that the defendant below should have known, or that he should have made it his business to know, whether or not there was any danger in the plaintiff below riding next to the door.

The record discloses that appellee had an accident on the morning of this particular day and that the right door of the car had been creased. It further discloses that, when appellant and appellee's wife entered the car, appellant undertook to raise the window of the door, at which time appellee told her that he had had an accident that morning and that the glass would not roll up. He then proceeded to tell his wife something about the accident and that he had been to two garages for the purpose of ascertaining how much it would cost to have the door fixed.

Appellant insists that since Krumpelman knew that he had the accident on the morning of the 7th, and knew that the right door of his automobile was creased, it was his duty either to examine the door himself or have some qualified mechanic so to do, and thus ascertain

whether or not it was safe to use the car in the manner it was used. It is further insisted that since appellee failed in this respect and then permitted appellant to ride next to the door without having first ascertained whether or not it was safe, he was negligent.

The general rule is succinctly stated in Helton v. Prater's Adm'r, 272 Ky. 574, 114 S.W.2d 1120, 1121, 1124: "One who invites another to ride in his automobile is not bound to furnish a vehicle free from defects, and, unless he knows it is defective and therefore unsafe, he will not be liable for injuries received by the guest in an accident caused by a defect in the automobile and not by its negligent operation."

See also Beard v. Klusmeier, 158 Ky. 153, 164 S.W. 319, 50 L.R.A.,N.S., 1100, Ann.Cas.1915D, 342, and Schilling v. Heringer, 252 Ky. 624, 67 S.W.2d 979.

The evidence shows that, by the minor accident in the morning, the panel on the right side of the door was damaged; that the door had been opened and closed a number of times before appellant got into the car; and that the latch seemed to work all right although the door was hard to open and close. In the afternoon, shortly prior to the time appellee met his wife and Mrs. Perry to bring them home, a mechanic at Summers Hermann looked at the car for the purpose of making an estimate of cost of repairing the door but said nothing to appellee that would indicate anything was wrong with the latch portion of the door. About ½ hour later a mechanic at Yentsch Brothers looked at the door and nothing was said there to apprise appellee that anything was wrong with the latch portion of the door. There is nothing to indicate that appellee did know, or could have known, that the door was sprung to such an extent that there would be only a slight catch in that hidden portion of the door, or that the latch portion was not functioning properly, or that he had any reason to believe that it would not function properly. There is nothing appearing in this record to show that appellee could have reasonably anticipated that the door would fly open. There is nothing to indicate but that appellee believed, and had a right to believe, that the car was adequate to drive his wife and his neighbor home with entire safety.

Therefore, following the rule enunciated above, we conclude that the court properly gave the peremptory instruction.

The judgment is affirmed.