## HERRIN'S ADM'X  v.  JACKSON.

Court of Appeals of Kentucky.

March 5, 1954.

· W. Russell Jones, Somerset, for appellant.

.Sam C. Kennedy, Somerset, for appellee.

SIMS, Chief Justice.

Appellant, Ruth Sears, administratrix of the estate of Rosa Allen Herrin, instituted this action to recover $6000 damages to her decedent's estate alleged to have been caused by the negligence of appellee, Marshall Jackson, in the operation of his pickup. truck in which decedent was riding as a guest. The petition further averred the door of the truck was defective and that fact was known to appellee. At the conclusion of appellant's evidence. the court di- .

rected a verdict for appellee and this appeal followed.

The record discloses these facts. Decedent was the mother-in-law of appellee and on January 19, 1952, she and her daughter were riding with appellee in his 1951 Ford pick-up truck. He was driving, his wife was seated in the middle and decedent was sitting next to the right door of the cab. Upon leaving appellee's home the three traveled about half a mile on a gravel road and when appellee turned the truck left into highway 80, the right door opened and decedent, who was 72 years of age, fell from the truck onto the highway, receiving injuries from which she died within a few weeks.

There was no evidence of negligence in the operation of the vehicle and appellant bases her case on the fact that about one month previous to the accident this same right door came open while appellee was driving the truck on a straight road. The testimony shows appellee's wife closed this right door after her mother got in the truck and fearing she did not "get it shut good, I opened it and closed it the second time, after I closed it the second time I felt up over her head to see if there was any crack or to see if it was closed."

It is common knowledge that doors on cars and trucks do not always securely latch when closed and if they do not, they are wont to fly open, especially if the vehicle suddenly changes its course or direction. Appellee did not close this door and any negligence in doing so is chargeable to his wife, as she is the one who closed or attempted to close the door. There is no evidence as to how the door happened to fly open. It might not have been properly closed by appellee's wife so as to cause the latch to catch. It is possible that decedent leaned against this door, or that an unconscious movement of her leg, arm or hand might have released the latch. There being no evidence in the record that the door was caused to fly open by reason of appellee's negligence, the court properly directed a verdict in his behalf.

Appellant would have us assume the door was defective because a month or so before this accident it had suddenly opened on a straight road. But there is nothing in the record to show it had been closed securely on that occasion before it flew open. We can see no place here for the application of the rule set out in Helton v. Prater's Adm'r, 272 Ky. 574, 114 S.W.2d 1120, and Perry v. Krumpelman, 309 Ky. 745, 218 S.W.2d 963, 9 A.L.R.2d 1335, that one is not bound to furnish an automobile free from defects, but one who knows it is defective, and therefore unsafe, is liable for injuries received by a guest in an accident caused by a defect in the vehicle and not by its negligent operation. Here, the record fails to show this door was defective or that appellee had any notice it was defective.

An attempt is made to invoke the doctrine of res ipsa loquitur on the theory, that where the instrumentality which injures a person, without his fault, is shown to be under the exclusive control of defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of explanation, that the injury arose from defendant's negligence. True, this doctrine is supported by the two cases of Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690, and Smith v. Hamm, 314 Ky. 339, 235 S.W.2d 437, upon which appellant relies. However, these authorities do not apply to the facts in the instant case. The instrumentality in the case at bar was the truck, and appellant concedes there was no negligence in the operation of the vehicle. Narrowing the focus, if the instrumentality was the right door of the truck, then appellee was absolved from liability because his wife was the person who closed the door and checked it to see if it was securely fastened.

As was said in Frank Fehr Brewing Co. v. Corley, 265 Ky. 308, 96 S.W.2d 860, 865, res ipsa applies only when the nature of the accident not only supports the inference of negligence but excludes all

others, or such as might have been due to one of several causes for which defendant is not responsible. Certainly the inference, if any, of appellee's negligence does not exclude a third person not properly latching the door, or of decedent accidently unlatching it. See Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974, which clearly shows res ipsa does not apply here because the circumstances according to common knowledge and experience do not create a clear inference this accident would not have happened in the absence of negligence upon the part of appellee, since he is not the one who closed the door.

The court properly excluded evidence that after this fatal accident the same door of the truck again came open and appellee repaired the handle or latch on it. The rule is that evidence of subsequent repairs, or change of conditions, is not admissible as evidence of negligence. Louisville & N. R. Co. v. Scott's Adm'r, 188 Ky. 99, 220 S.W. 1066; Kentucky & West Virginia Power Corp. v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 170 A.L.R. 1; Noe v. O'Neil, 314 Ky. 641, 236 S.W.2d 893.

The judgment is affirmed.