ALBERT C. ELLIS

v.

AUBREY HENDERSON, *et al.*

(No. 10802)

Submitted May 7, 1957. Decided June 18, 1957.

*Samuel D. Lopinsky, Chester Lovett, C. E. Copen,* for plaintiffs in error.

*Herbert W. Bryan, C. Judson Pearson,* for defendant in error.

RILEY, PRESIDENT:

This is an action of trespass on the case to recover damages for personal injuries, instituted in the Circuit Court of Putnam County by the plaintiff, Albert C. Ellis, against the defendants, B. L. Henderson and Aubrey Henderson, the former's alleged employee, in which the plaintiff was awarded a judgment in the amount of nine thousand dollars based upon a verdict of the jury. To

this judgment the defendants, B. L. Henderson and Aubrey Henderson, prosecute this writ of error.

The case is now before this Court on a rehearing.

The plaintiff relied upon the doctrine of *res ipsa loquitur,* both at the former hearing and on the presentation of this case on rehearing; and this Court, in reversing the judgment of the circuit court on the original hearing, held that the doctrine of *res ipsa loquitur* is inapplicable in all motor vehicle cases in which a gratuitous guest seeks to recover damages for personal injuries against the driver. See *Ellis* v. *Henderson,* _____ W. Va., 95 S. E. 2d 801, and dissenting opinion _____ W. Va., 95 S. E. 2d, at pages 806 and 807.

For convenience in the writing of this opinion, as the statement of facts contained in the former opinion of this Court in this case amply raises the question whether the verdict of the jury in the amount of nine thousand dollars may be supported on the theory that the doctrine of *res ipsa loquitur* applies, we shall in this opinion substantially adopt the statement of facts contained in the original opinion and in the dissenting opinion.

Albert C. Ellis, the plaintiff, received severe and permanent injuries as the result of having been dumped from the bucket of a tractor-loader owned by the defendant, B. L. Henderson, and driven and operated by the defendant, Aubrey Henderson, the former's employee acting within the scope and authority of his employment, while the tractor-loader was being driven in a parade held on July 4, 1953, in the Town of Hurricane. During the previous year in a similar parade held on July fourth, the plaintiff had ridden in the same kind of bucket of a tractor-loader owned by the defendant, B. L. Henderson, and operated by his employee, Aubrey Henderson. On the occasion upon which the alleged injuries were sustained, the plaintiff had been promised by the defendant, Aubrey Henderson, that he could ride in the bucket in the Fourth of July parade to be held in Hurricane in 1953, "if the big fat Chaney boy" did not ride.

As the parade was assembling, the Chaney boy did not appear, and the defendant, Aubrey Henderson, having lowered the bucket, plaintiff entered the lowered bucket of the tractor-loader, and shortly thereafter, as the parade commenced, the defendant, Aubrey Henderson, raised the bucket with the plaintiff in it by the mechanical lift attached to the tractor-loader, and proceeded to drive the tractor in the parade along and over the streets of the Town of Hurricane.

Also riding in the driver's seat of the tractor-loader with the defendant, Aubrey Henderson, was Aubrey Henderson's daughter, then about seven years old, who sat on her father's knee as he drove the tractor-loader in the parade. As the parade proceeded along the streets of Hurricane for a distance of approximately one mile, during the course of which several stops were made because of traffic congestion, the bucket was suddenly tipped and plaintiff was thrown violently to the pavement, resulting in severe injuries, which plaintiff contends and this record discloses are permanent.

Without contradiction this record discloses that a person riding in the bucket has no control of the mechanism of the bucket, and cannot release the mechanism so as to expel the contents of the bucket.

The defendant, Aubrey Henderson, at the time plaintiff was injured, was operating a Wagner tractor-loader, which belonged to the defendant, B. L. Henderson, who at the time plaintiff received his injuries, as well as at the time plaintiff first rode in the bucket of the tractor-loader, was employed by the defendant, B. L. Henderson, in his feed and farm store located in the Town of Hurricane. So that this case may be stated fairly from the viewpoint of both parties plaintiff and defendants, we employ the language of the brief of counsel for defendants, who are plaintiffs in error in this Court, at the first hearing of the case in this Court, which reads: "This machine, motor driven, consisted of a tractor and loader; there was a 'boom' on the loader and on the end of the boom was a 'bucket' an essential

part of the loader. This 'bucket' was 'dumped' by pulling a lever, and the boom was raised and lowered by using another lever, * * *."

The tractor-loader, in which plaintiff was riding at the time the bucket was tipped causing his injuries, was new and of rugged construction. During the course of the parade and at the time the plaintiff was injured there was no jolting of the tractor-loader, and the tractor-loader had not been driven over rough roads or terrain from the time plaintiff placed himself therein until he was injured. The record is silent as to whether there was any latent defect in the tractor-loader; but this record affirmatively discloses that the tractor-loader was so designed that, in the absence of a latent defect, the bucket could be tipped or "dumped" only by the lever on the right side of the steering column.

At the trial the defendant, Aubrey Henderson, testified without contradiction that the apparatus which operated the boom on the vehicle and tipping of the bucket consisted of two levers, both of which were only within the reach of a person sitting in the driver's seat of the tractor-loader; that the vehicle was in good mechanical condition on the day plaintiff was injured; that the boom was up when the witness returned to the Henderson garage with the vehicle after the bucket had thrown plaintiff to the ground; and this witness testified that there was no defect in the mechanism which served to raise and lower the boom and to tip the bucket, in which plaintiff was riding, which was known, or by the exercise of reasonable care could have been known to him. In fact, at the time the bucket was caused to be tipped and plaintiff injured, Aubrey Henderson testified that the lever controlling the tipping of the bucket had not been operated by him or his daughter.

This record discloses that the raising and lowering of the boom, to which the bucket was attached, and the tipping of the bucket to expel its contents, were controlled by two levers: the former by a lever to the left of the driver, which was beyond the reach of the child

on Aubrey Henderson's knee, and the other by a lever, which controls the spring operation of the bucket, located in front and to the right of the driver, which Aubrey Henderson testified was beyond the reach of the child, and which she would not have the strength to operate, even if it were within her reach.

The elements of the doctrine of *res ipsa loquitur*, where that doctrine has been applied by this Court, except for the decision on the original hearing herein, have been clearly and aptly stated in 59 West Virginia Law Review, pages 278 to 286, inclusive, in a case comment made by Chauncey Hoyt Browning, Jr., a student member of the board of editors of the Law Review, as follows: "(1) the accident was of the type which would not ordinarily occur in the absence of negligence, *Redman* v. *Community Corp.*, 138 W. Va. 456, 76 S. E. 2d 759 (1953); (2) the instrumentality which caused the accident was under the exclusive control of the defendant, *Cunningham* v. *Parkersburg Coca-Cola Bottling Co.*, 137 W. Va. 827, 74 S. E. 2d 409 (1953); (3) the accident was not caused by the plaintiff, *Wright* v. *Valan*, 130 W. Va. 466, 43 S. E. 2d 364 (1947)."

Likewise the doctrine of *res ipsa loquitur*, as it prevails in this jurisdiction, was ably discussed by Judge Haymond in the case of *Wright* v. *Valan*, 130 W. Va. 466, 43 S. E. 2d 364, 365. In pt. 2 of the syllabus of that case this Court held: "In an action based upon negligence for the recovery of damages there must be reasonable evidence that the defendant was negligent. When, however, the instrumentality which causes an injury is shown to be under the management and the control of the defendant and the injury is such as in the ordinary course of events does not happen if the person having such management and control uses proper care, the occurrence of the injury furnishes reasonable evidence, in the absence of explanation by the defendant, that it resulted from negligence." See also Shain, Res Ipsa Loquitur, Presumptions and Burden of Proof; Black's Law Dict. 4th ed., 1470; 45 C. J. 768; 65 C. J. S.,

Negligence, Section 220(2); *Jankey* v. *Hope Natural Gas Co.*, 98 W. Va. 412, 127 S. E. 199; *Jones* v. *Riverside Bridge Co.*, 70 W. Va. 374, pt. 2 syl., 73 S. E. 942; *Webb* v. *Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 2 S. E. 2d 898; *Holley* v. *Purity Baking Co.*, 128 W. Va. 531, 37 S. E. 2d 729, 167 A. L. R. 647, all of which authorities are cited in the *Wright* case at pages 475 and 476 of 130 W. Va., and at pages 369 and 370 of 43 S. E. 2d, enunciating the principles adopted by this Court in the application of the doctrine of *res ipsa loquitur*.

Initially, as it is presently constituted, this Court notes that we are not applying the doctrine of *res ipsa loquitur* in a case between a gratuitous passenger and an ordinary motor vehicle. In the instant case we have under consideration a motor vehicle, upon which was superadded a mechanical device, which was manufactured by Wagner Iron Works, the motive part of the tractor-loader having been manufactured by International Harvester Company. We, therefore, do not have under consideration a case in which this Court is asked by the plaintiff to apply the doctrine of *res ipsa loquitur* to the operation of an ordinary motor vehicle, where a gratuitous passenger has been injured.

Beyond peradventure this record discloses that the plaintiff could not in his position in the bucket see or operate any levers which would serve to lower and raise the boom or tip the bucket, thus expelling its contents. This case, in our opinion, comes fully within the doctrine of *res ipsa loquitur* as set forth in *Wright* v. *Valan, supra,* and for this reason we are of opinion that the doctrine *of res ipsa loquitur* should be applied to the case at bar. That being so it was unnecessary for the plaintiff affirmately to prove negligence. We simply hold that the jury had a right to infer under the holdings of this Court in *Webb* v. *Brown & Williamson Tobacco Co., supra,* and *Holley* v. *Purity Baking Co., supra,* that the defendants were, in fact, guilty of actionable negligence.

For this reason we recall our former decision in this case, and affirm the judgment of the Circuit Court of

Putnam County, awarding plaintiff the sum of nine thousand dollars for personal injuries.

*Affirmed.*