# Miller, Appellant, v. Adams.

Argued October 1, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Ralph S. Davis, Jr.,* with him *Evans, Ivory & Evans,* for appellant.

*John L. Laubach, Jr.,* with him *Rose, Rose and Houston,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 10, 1958:

This is a case of three ladies in a car: a grandmother, mother, and granddaughter. The mother owned the car, the granddaughter drove the car, and the grandmother fell out of the car. The grandmother entered a suit against the granddaughter, and the Court below entered a nonsuit against the grandmother. The grandmother appealed.

The grandmother averred that the granddaughter was negligent in the manner in which she operated the Plymouth coupe in which the three generations were riding,—the grandmother and granddaughter in the front seat and the daughter occupying the rear seat. The evidence proved not only that the granddaughter was not negligent but that, on the contrary, she was quite solicitous about the safety of her grandmother. Before she started the car, she reached over the grand-

mother to close the right-hand door and make certain that it was secure. The car traveled only one block when, as it was negotiating a left turn, the right-hand door opened and the granddaughter called out: "Watch, Grandma, your door came open," and she immediately brought the car to a stop. The car had been moving slowly; it was being operated in second gear.

Short of tying the grandmother down in the seat, there is nothing the granddaughter could have done which she did not do to insure the grandmother's safety.

The accident occurred on October 18, 1953, at Penn State College where the granddaughter was a student. The grandmother and mother had driven up from Pittsburgh, the mother-owner of the car driving, for the purpose of witnessing a college football game and spending the weekend with the granddaughter who took over the wheel only because of her intimate knowledge of the college grounds.

At the trial the mother testified that some six weeks or more prior to the accident the offending door had come open when the granddaughter was in the machine. Assuming this to be true, it would not be any evidence of negligence on the part of the granddaughter. It was not her car, she had not seen it for six weeks, there was no evidence that she drove it before the grandmother-mother visit to Penn State, there was no suggestion that she knew of any defect in the door's mechanism, and, of course, as already stated she did all that could be reasonably expected to make the door fast and secure before starting on the short journey to a restaurant and church whither they were destined when the accident occurred.

The cases cited in the plaintiff's counsel's brief all apply to fact situations quite different from the one presented here. The facts and the law justified the

awarding of a nonsuit by the Court below, adversely to the grandmother and in favor of the granddaughter, leaving the mother, who is the owner of the car, holding the door.

Judgment affirmed.