COVA ELLEN HOOVER v. MARY BETTY THOMAS ODOM.

(Filed 27 April, 1960.)

**Automobiles §§ 21, 47—**

 Nonsuit is properly entered in an action by the guest in a car to recover of the driver thereof for injuries sustained when the door of
 the car, because of a worn latch, flew open while the driver was making a left turn, throwing or causing the guest to fall therefrom, when
 there is no evidence tending to show that the driver had any knowledge that the latch was defective or that the door had theretofore
 come open in a like manner.

APPEAL by plaintiff from *Sharp, Special Judge,* September-October
Term, 1959, of RANDOLPH.

This is a civil action to recover for personal injuries allegedly sustained by the plaintiff on 1 September 1957 when she was thrown
or fell from the 1950 Plymouth automobile of the defendant while
riding as a passenger in the right-hand front seat of said car. The
door latch on plaintiff's side of the car gave way and the door flew
open when the defendant, while driving about 15 miles per hour,
made a 90 degree turn to the left at the intersection of Sunset Avenue
and North Ridge Street, in the Town of Asheboro, North Carolina.

It is alleged that the defendant was negligent in that she operated
her 1950 Plymouth automobile with defective door latches and that
she failed to have them repaired and properly adjusted.

Plaintiff testified that the defendant had remarked to her on one
occasion prior to the accident that there was something wrong with
the car door, and on another occasion that the door was difficult to
open. The plaintiff further testified, "I rode with Mrs. Odom to
church and Sunday school just about every Sunday * * * for around
two years * * * before I fell out of the car. * * * I did not have any
difficulty with the door as to opening and closing it * * *. No, the
door had never come open when I had been riding with them * * *.
As to having difficulty with opening and closing it, it was hard sometimes to open. I was always able to open it but sometimes it was
harder than others to open. * * * It had never opened before without someone opening it."

After the accident, the latch on the door involved was examined
and it was discovered that one of the four notches of the roller latch
was worn sufficiently so that the door could be pulled or pushed open
when some pressure was applied if the worn latch happened to be
turned so that it was in the position it was intended to hold the door.

At the close of plaintiff's evidence the defendant moved for judg-

ment as of nonsuit. The motion was allowed. Plaintiff appeals, assigning error.

*Ottway Burton for plaintiff.*
*Smith, Moore, Smith, Schell & Hunter for defendant.*

PER CURIAM. There was no evidence in the trial below tending to show that the automobile of the defendant was being operated in a careless or negligent manner at the time of the accident. Neither was there any evidence tending to show that the defendant had any knowledge that the latch on the door of her car was defective. Likewise, there was no evidence to the effect that this door had ever come open before in the manner in which it did at the time the plaintiff sustained her injuries.

The general rule with respect to injuries suffered by a guest as the result of a defect in the condition of an automobile is concisely stated in the case of *Helton v. Prater's Admr.*, 272 Ky. 574, 114 S.W. 2d 1120, and quoted with approval in *Perry v. Krumpelman*, 309 Ky. 745, 218 S.W. 2d 963, 9 A.L.R. 2d 1335, in which the Court said: "One who invites another to ride in his automobile is not bound to furnish a vehicle free from defects, and, unless he knows it is defective and therefore unsafe, he will not be liable for injuries received by the guest in an accident caused by the defect in the automobile and not by its negligent operation." 9 A.L.R. 2d Anno:— Automobile Guest—Falling Through Door, 1338, *et seq.* See also *Watts, Admr. v. Watts*, 252 N.C. 352, 113 S.E. 2d 720, and cited cases.

The plaintiff has failed to establish actionable negligence on the part of the defendant and, therefore, the judgment of the court below is

Affirmed.