Ruby **CHANEY**, Appellant,

v.

Joyce **HATCHETT**, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1965.

J. Wood Vance, Jr., Glasgow, for appellant.

Richardson, Barrickman & Dickinson, Glasgow, for appellee.

HILL, Judge.

Appellant seeks a reversal of the judgment of the trial court entered pursuant to a directed verdict for the appellee.

Appellant, plaintiff in the lower court, and the appellee, defendant below, worked at the same place on November 7, 1961. Appellant solicited and was granted by appellee a ride home in appellee's automobile. Appellant got into the automobile opposite the driver's seat and attempted to close the door behind her. The door did not close at first. Appellee told the appellant that the door did not always catch; that she planned to have it repaired but had been too busy, and thereafter the appellant slammed the door again and it apparently closed.

Appellant testified that she was sitting about a foot away from the door with her arm over the back seat; that when appellee turned a sharp curve to the left of the driver, she was thrown out of the automobile and sustained injuries, which is the basis of her suit. Appellant admitted that the driver was not speeding; that she, appellant, had made no complaint about the driving of appellee and that she knew of the existence of this sharp curve where the accident occurred.

To use the language of the appellant's brief, "The question is whether there was sufficient evidence presented on the part of the appellant for the matter to be determined by the jury as to whether or not the appellee was negligent in the manner in

which she rounded this curve, taking into consideration the fact that both parties had knowledge of the defective door." Looking to the record for evidence pertaining to this material question, we quote from the testimony of the appellant, herself:

"Q-27 Now, as you got in the automobile, were you informed there was a defective door on the right front side?

"A– Yes, sir, I pulled the door to and it didn't catch and Joyce said that the door didn't catch good, and I pulled it and slammed it again.

"Q-28 Did she say anything about watching the door?

"A– Yes, sir, she said that it would come open, that she had planned on having it fixed but hadn't had the time.

"Q-45 Now, when you got to this curve relate what happened?

"A– Well, I remember that it was a—I don't know how fast Joyce was driving, but I know we give it—it was a sharp twist because I remember it giving me a sling and me screaming her name and the next thing I remember is laying beside the road.

"Q-252 Mrs. Chaney, as you came across Sunset Avenue, Mrs. Hatchett was driving at a reasonable rate of speed?

"A– I suppose so.

"Q-253 You didn't complain about her driving and had no reason to complain about her driving?

"A– I suppose not."

The appellant relies upon Jordan v. Marsee, Ky., 256 S.W.2d 25, which announces the duty of an operator of an automobile toward his guest. There is no argument between these parties as to the duty the appellee owed appellant, and the Jordan case is, therefore, not in point and does not support the appellant's position.

The appellant also cites Herrin's Adm'x v. Jackson, Ky., 265 S.W.2d 775. This case does not support the contention of the appellant. In fact, it supports and is relied upon by the appellee in her brief. It will be referred to later on in this opinion.

The appellant also cites R. B. Tyler Company v. Kirby's Adm'r, 219 Ky. 389, 293 S.W. 155. Neither is this case in point. In the Tyler case, the injured person was riding on the running board of the truck in a highly intoxicated condition which was known to the driver, and the vibration or jerking of the truck upon changing gears caused Kirby to fall from the truck and to be run over. The negligence in the Tyler case was in allowing Kirby to ride on the outside of the truck in his intoxicated condition without taking precaution to protect him. The Tyler case does not support the appellant's theory of this case.

The appellant quotes from Am.Jur. Vol. 5, Page 628, Section 230, as well as Prather's Adm'r v. Allen, 291 Ky. 355, 161 S.W. 2d 402, both of which very well announce the duty of the operator of an automobile to his guest but do not apply to the case under consideration.

In the Herrin case, supra, this court, in an opinion written by Justice Sims, stated as follows:

"It is common knowledge that doors on cars and trucks do not always securely latch when closed and if they do not, they are wont to fly open, especially if the vehicle suddenly changes its course or direction. * * * There being no evidence in the record that the door was caused to fly open by reason of appellee's negligence, the court properly directed a verdict in his behalf."

We conclude that the appellant did not prove negligence sufficient to justify recovery in this case. The judgment of the lower court is, therefore, affirmed.