LAKIE I. GRIFFITH, *et al.*

*v.*

DAILY WOOD, *et al.*

(No. 12539)

Submitted May 12, 1966.          Decided June 28, 1966.

*D. D. Ashworth, Anthony J. Sparacino,* for appellants.

*Bowers, File, Hodson & Payne, Donald D. Hodson, W. H. File, Jr.,* for appellees.

HAYMOND, JUDGE:

This action, instituted in the Circuit Court of Raleigh County on June 24, 1963, is based on the alleged negligence

of the defendants, Daily Wood and Pauline Wood, who are husband and wife. The plaintiffs, Lakie I. Griffith and Dennis Griffith, also a married couple, seek a recovery for personal injuries to Lakie I. Griffith, the wife of Dennis Griffith, and for medical expenses incurred and loss of services sustained by her husband, which resulted from the operation by the defendant Pauline Wood of a 1955 Ford Pick-up truck owned by her husband, the defendant Daily Wood, about ten o'clock on the night of June 29, 1962, on or near the intersection of a side road known as the 4-H Road with U. S. Highway No. 19-21 in Raleigh County. The injuries of which the plaintiffs complain were sustained by the plaintiff Lakie I. Griffith, who was riding on the right side of the single seat of the truck and who fell or was thrown from the vehicle when the door on the right side came open while the driver was engaged in making a left turn on the intersection to enter the U. S. Highway from the side road.

At the conclusion of the evidence in behalf of the plaintiffs, the circuit court, on motion of the defendants, by order entered March 22, 1965 struck the evidence in behalf of the plaintiffs and directed a verdict in favor of the defendants, rendered judgment that the plaintiffs take nothing and awarded costs in favor of the defendants. By its final judgment rendered July 23, 1965, the circuit court denied the motion of the plaintiffs to set aside the verdict and award the plaintiffs a new trial. From that judgment this Court granted this appeal on the application of the plaintiffs.

Following the pretrial conference the circuit court entered an order on March 18, 1965, which by agreement of the parties contained a statement that the defendant Daily Wood was the owner of the truck in which the plaintiff Lakie I. Griffith was injured; that the family purpose doctrine applied to his wife Pauline Wood, the driver of the truck at the time of the injury; and that the injury occurred on or near the intersection of U. S. Highway 19-21 and the 4-H road in Raleigh County. The order also contains certain contentions of the plaintiffs that Lakie I. Griffith and Pauline Wood were fellow employees, working in the kitchen of

the 4-H Camp and were returning from that place to their homes in the pick-up truck of the defendant Daily Wood; that "as the defendant driver approached the intersection in question, she gave a turn signal, stopped at the intersection, and, due to the angle and grade of the intersection, made a sharp left turn into Route 19; that defendant disengaged the clutch abruptly, causing the truck to spurt forward; that the door on plaintiff's side flew open, causing the plaintiff to fall; that as she was falling defendant applied the brakes suddenly, causing the door to snap back and strike plaintiff, who was falling to the pavement of the highway;" that the plaintiff Lakie I. Griffith sustained severe bruises, cuts, injury to a nerve in her back, her right hand, the ninth and tenth dorsal area, swelling of the leg, hip and thigh, bruised elbows, and injury to the cervical area, and suffered headaches, and that she sustained permanent injury. The contentions of the defendants, among others set forth in the order, were that the plaintiff Lakie I. Griffith closed the door when she entered the truck and had control of the door; that the occupants of the truck had driven two to four miles as the plaintiff sat next to the door before the accident occurred; that the defendants had no previous trouble with the door; that it was examined by a mechanic and no defect was found; that the defendant driver was guilty of no act of negligence; and that the defendants are free from negligence.

Other than the driver of the truck and the plaintiff Lakie I. Griffith, there were no eye-witnesses to the accident. The evidence of the manner in which the injury occurred and the condition of the truck at and before the accident consists of the testimony of each of the plaintiffs, one of their daughters, and the defendant Daily Wood.

The substance of the assignments of error by the plaintiffs is the action of the circuit court (1) in striking the evidence in behalf of the plaintiffs as to the manner in which the defendant Pauline Wood operated the truck on and near the intersection and the condition of the truck at and before the accident in which the plaintiff Lakie I. Griffith was injured; (2) in refusing to hold that the defendant Pauline

Wood violated certain statutes in the operation of the truck and that violation of such statutes constituted prima facie negligence; and (3) in refusing to apply the doctrine of res ipsa loquitur to the facts established by the evidence.

The plaintiff Lakie I. Griffith testified that when she got in the truck the defendant Pauline Wood shut the door; that when the truck came near the intersection the driver stopped it and then pulled out fast and swirled around; that as it came out fast the plaintiff Lakie I. Griffith was thrown from the truck; and that she did not sit or lean against the door at any time. She also testified that on the morning after the accident while Pauline Wood was driving her back to the 4-H camp to work she told the plaintiff Lakie I. Griffith that on one prior occasion when she caused the truck to make a sharp turn the door came open and her husband almost fell out of the truck; that she should have told the plaintiff about that matter; and that she did not examine the door or know that there was anything wrong with it. The plaintiff Lakie I. Griffith, on cross-examination, evidently for the purpose of contradiction, was asked a number of questions, some of which were whether she had previously stated that she closed the door when she got in the truck; whether she had stated that she did not know if she was leaning against the door when the truck was making the turn; whether she had stated that the driver of the truck in coming out the road into Highway 19-21 "was coming out very slow"; and whether she had said that she did not know that the driver of the truck had done anything wrong in connection with the accident and that she could not say why the door came open. The plaintiff Lakie I. Griffith did not deny or explain the statements in any of these questions but to each of them answered "I don't recall." As the trial court directed a verdict for the defendants before they had an opportunity to introduce their evidence they could not and did not offer any evidence to contradict the foregoing statements.

The plaintiff Dennis Griffith testified that the defendant Daily Wood, in a conversation about two weeks after plaintiff Lakie I. Griffith was injured, told him that the truck

was "kinda tricky" and that the door "come open sometimes", and that he said with reference to the truck "Well, mine ought to be fixed."; that on the same occasion the defendant Pauline Wood told him that when she went to the school house "if the door got to rattling she would stop and fasten it to keep it from coming open, and lock it."

The daughter of the plaintiffs, Carolyn Griffith, testified that about two weeks after the injury when she and her father and mother were visiting at the home of the defendants, the defendant Pauline Wood told the witness that whenever she would go to school if the door would start rattling she would stop, get out, go around and shut it, and be sure that the door "was shut good."

The defendant Daily Wood, called as a witness by the plaintiffs, testified that about three or four years before the plaintiff Lakie I. Griffith was injured the truck had been involved in a wreck in which the front of the truck had been damaged to the extent of about $270.00; that the radiator and the front bumper were damaged and the frame over the front axle was bent; that the damage to the truck had been repaired; and that in the wreck no damage had been done to the right door of the truck.

The contentions of the plaintiffs concerning the manner in which the injury occurred, as set forth in the pretrial conference order of March 18, 1965, that the driver disengaged the clutch abruptly and caused the truck to spurt forward and that as the plaintiff Lakie I. Griffith was falling the driver applied the brakes suddenly and caused the door to snap back and strike the plaintiff, are not supported by the evidence. Though the evidence shows that the driver of the truck stopped at or near the intersection, there is no evidence that she disengaged the clutch abruptly or caused the truck to spurt forward or that as the plaintiff Lakie I. Griffith was falling to the pavement of the highway the driver applied the brakes suddenly and caused the door to snap back and strike the plaintiff.

The plaintiffs also contend, though their contention is not mentioned in the pretrial conference order, that the driver

of the truck when near or upon the intersection violated the provisions of Section 3, Article 8, Chapter 17C, Code, 1931, as amended, that "At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.", and also violated the provisions of paragraphs (a) and (c), Section 1, Article 6, Chapter 17C, Code, 1931, as amended, which, in part, declare that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and that the driver of every vehicle shall drive it at an appropriately reduced speed when approaching and crossing an intersection.

The evidence does not show the rate of speed at which the driver of the truck entered and traveled upon the intersection. It is true that the plaintiff Lakie I. Griffith stated that the truck came out of the 4-H road "fast" but that statement is not sufficient to show the rate of speed or that the truck was driven at an excessive speed or in a manner which violated any of the foregoing statutory provisions. That the truck was traveling at a reasonable and proper rate of speed may be inferred from the statement that the driver of the truck stopped it before entering the intersection and it is unlikely that while traveling the short distance upon and over the intersection it acquired an unreasonable rate of speed as it made the turn and when the plaintiff Lakie I. Griffith fell from the truck. The evidence does not show that the driver of the truck in entering and turning upon the intersection violated the provisions of Section 3 of Article 8 or of paragraphs (a) and (c) of Section 1 of Article 6 of the statute. If, however, it could be said from the evidence that the driver of the

truck violated the provisions of any of the above cited statutes, it is clear that her action in that respect was not the proximate cause of the injury sustained by the plaintiff Lakie I. Griffith and for that reason the well established principle that the violation of a statute constitutes prima facie negligence when it is the proximate cause of an injury has no present application.

The evidence that the driver of the truck pulled out "fast" and swirled around in traveling upon the intersection is not sufficient to establish negligent operation of the truck and the sudden opening of the door while the driver was engaged in making the turn is also insufficient to establish negligence. There is no showing that the door was in any wise defective. The statement that the truck was "kinda tricky" and that the door sometimes rattled on former occasions does not establish a defect in the door; and the evidence that the door came open on previous occasions, the times and conditions of which are not disclosed, without more, also does not show that the door was defective or that the defendants knew or had reason to believe that it was defective at the time of the injury. *Hoover* v. *Odom,* 252 N. C. 459, 113 S. E. 2d 926; *Miller* v. *Adams,* 394 Pa. 46, 145 A. 2d 540; *Chaney* v. *Hatchett,* (Ky.), 386 S. W. 2d 463; *Herrin's Adm'x* v. *Jackson,* (Ky.), 265 S. W. 2d 775; *Perry* v. *Krumpelman,* 309 Ky. 745, 218 S. W. 2d 963, 9 A. L. R. 2d 1335; *Morales* v. *Employers' Liability Assurance Corporation,* (La. App.), 7 So. 2d 660, affirmed, 202 La. 755, 12 So. 2d 804.

In the *Hoover* case the plaintiff sued for injuries sustained by her in a fall from an automobile driven by the defendant when the door on plaintiff's side of the automobile flew open as the defendant, while driving about fifteen miles per hour, made a ninety degree turn to the left at the intersection of two streets in Asheboro, North Carolina. The court held that, in the absence of evidence that the automobile was being operated in a negligent manner at the time of the accident or that the defendant had any knowledge that the latch on the door of the automobile was defective or that the door had ever come open before in the manner

in which it did at the time of the injury, the trial court was justified in granting the motion of the defendant for judgment of nonsuit.

In the *Miller* case, in which the plaintiff was injured in falling from an automobile driven by the defendant when the right door of the automobile came open while the driver, moving slowly, was negotiating a left turn, the court held that the evidence was not sufficient to submit the case against the defendant to the jury and the action of the trial court in rendering judgment for the defendant was affirmed.

In the *Perry* case the plaintiff Perry sued the defendant Krumpelman, the owner and driver of an automobile, for injuries received as a result of the fall of the plaintiff from the defendant's automobile when the door of the automobile came open as the driver of the automobile made a left turn upon a street intersection. The court held that, in an action by an automobile guest to recover from the driver for injuries received when the door next to which the guest was sitting came open as the corner was turned and the plaintiff was thrown to the street and the evidence showed that although the defendant had been in a previous accident on the same day in which the door in question had been creased and knew or could have known that the door had been sprung so that the latch was not working properly and could reasonably have anticipated that the door would fly open, the plaintiff, whose claim was based solely on the theory that the door was defective, was not entitled to recover, and the action of the trial court in giving a peremptory instruction for the defendant was affirmed.

In the *Morales* case a gratuitous passenger accompanying a patient in an ambulance fell from the moving vehicle when a side door opened through no fault of hers. The evidence showed that there was nothing wrong with the lock on the door and that the door had been properly closed after the passenger had entered the ambulance. It did not appear from the evidence that the door was only partly closed or that it rattled or otherwise drew the attention of the driver or that the speed of the ambulance was exces-

sive or that the driver was guilty of negligence in swerving and joggling the ambulance in a manner to cause the door to come open. The court held that the driver of the vehicle was not guilty of negligence in the operation of the ambulance.

Negligence to be actionable must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury. *Miller* v. *Bolyard*, 142 W. Va. 580, 97 S. E. 2d 58, and the numerous cases cited in the opinion in that case. "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted." *McCoy* v. *Cohen*, 149 W. Va. 197, 140 S. E. 2d 427; point 4, syllabus, *Miller* v. *Bolyard*, 142 W. Va. 580, 97 S. E. 2d 58; point 7, syllabus, *Puffer* v. *The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S. E. 2d 145. The driver of the truck in the case at bar had no reason to expect or foresee that, in making the turn at and upon the intersection, the door would come open while she was engaged in making such turn.

The plaintiffs complain of the refusal of the circuit court to apply the doctrine of res ipsa loquitur in this case. There is no merit in that contention of the plaintiffs. In considering the doctrine this Court, upon the rehearing in *Ellis* v. *Henderson*, 142 W. Va. 824, 98 S. E. 2d 719, applied it not to an ordinary motor vehicle but to a vehicle to which was superadded a mechanical device which differentiated such vehicle from the ordinary motor vehicle and in the opinion said: "this Court notes that we are not applying the doctrine of *res ipsa loquitur* in the case between a gratuitous passenger and an ordinary motor vehicle." Unlike the *Ellis* case, the case at bar is a case which involves a gratuitous passenger and an ordinary motor vehicle, and this Court holds upon the facts disclosed by the evidence that the doctrine of res ipsa loquitur, which is a rule of evidence, has no present application. Moreover, the plaintiffs do not base their claim upon a general charge of negligence but specify

the manner in which the driver operated the truck and the defective condition of the door as the acts of negligence relied upon. A plaintiff may avail himself of the doctrine of res ipsa loquitur by charging and proving negligence in general terms and may also specify certain acts of negligence; but when he designates specific acts of negligence he assumes the burden of establishing the negligence in the manner specified and the doctrine of res ipsa loquitur becomes inapplicable. *Pope* v. *Edward M. Rude Carrier Corporation,* 138 W. Va. 218, 75 S. E. 2d 584. In *Moore* v. *Clagett,* 48 App. D. C. 410, cited with approval in the *Pope* case, the Court said: "It is within the election of the plaintiff to avail himself of the rule by merely alleging and proving the circumstances of his presence, the accident, and the injuries sustained. He may elect, however, to specifically allege in detail the circumstances which led to the accident and upon which the charge of negligence is based. But, by electing to take this course, he assumes the burden of establishing the negligence in the manner charged, and the rule of *res ipsa loquitur* is thereby banished from the case."

It is elementary that ordinarily the mere occurrence of an accident does not give rise to the presumption of negligence. It is also well established that the owner or operator of a private automobile is not an insurer of the safety of his guest, and that the exercise of reasonable care by him for the safety of his guest is the requirement of the law. *Kelly* v. *Checker White Cab, Inc.,* 131 W. Va. 816, 50 S. E. 2d 888; *Stone* v. *Rudolph,* 127 W. Va. 335, 32 S. E. 2d 742; *Deskins* v. *Warden,* 122 W. Va. 644, 12 S. E. 2d 47; *Darling* v. *Browning,* 120 W. Va. 666, 200 S. E. 737; *Wood* v. *Shrewsbury,* 117 W. Va. 569, 186 S. E. 294; *Broyles* v. *Hagerman,* 116 W. Va. 267, 180 S. E. 99; *Oney* v. *Binford,* 116 W. Va. 242, 180 S. E. 11; *Herold* v. *Clendennen,* 111 W. Va. 121, 161 S. E. 21; *Lewellyn* v. *Shott,* 109 W. Va. 379, 155 S. E. 115; *Marple* v. *Haddad,* 103 W. Va. 508, 138 S. E. 113, 61 A. L. R. 1248; *Moorefield* v. *Lewis,* 96 W. Va. 112, 123 S. E. 564.

As heretofore indicated this is an action based upon the alleged negligence of the defendants and the burden of establishing such negligence rests upon the plaintiffs. To permit a recovery of damages in an action based on negligence the negligence of the defendant must be the proximate cause of the injury for which the plaintiff seeks to recover; and in such action the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains. *Alexander* v. *Jennings*, 150 W. Va. 629, 149 S. E. 2d 213; *McCoy* v. *Cohen*, 149 W. Va. 197, 140 S. E. 2d 427; *Pygman* v. *Helton*, 148 W. Va. 281, 134 S. E. 2d 717; *Burdette* v. *Burdette*, 147 W. Va. 313, 127 S. E. 2d 249; *Graham* v. *Wriston*, 146 W. Va. 484, 120 S. E. 2d 713; *Davis* v. *Fire Creek Fuel Company*, 144 W. Va. 537, 109 S. E. 2d 144; *Frye* v. *McCrory Stores Corporation*, 144 W. Va. 123, 107 S. E. 2d 378; *Adkins* v. *Smith*, 142 W. Va. 772, 98 S. E. 2d 712; *Miller* v. *Bolyard*, 142 W. Va. 580, 97 S. E. 2d 58; *Hartley* v. *Crede*, 140 W. Va. 133, 82 S. E. 2d 672; *Keller* v. *Wonn*, 140 W. Va. 860, 87 S. E. 2d 453; *Matthews* v. *Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180; *State ex rel. Cox* v. *Sims*, 138 W. Va. 482, 77 S. E. 2d 151; *McKinney* v. *Miller*, 138 W. Va. 324, 75 S. E. 2d 854; *Holiman* v. *The Baltimore and Ohio Railroad Company*, 137 W. Va. 874, 74 S. E. 2d 767; *Webb* v. *Sessler*, 135 W. Va. 341, 63 S. E. 2d 65; *Divita* v. *Atlantic Trucking Company*, 129 W. Va. 267, 40 S. E. 2d 324; *Cooper* v. *Pritchard Motor Company*, 128 W. Va. 312, 36 S. E. 2d 405; *Fleming* v. *McMillan*, 125 W. Va. 356, 26 S. E. 2d 8; *Webb* v. *Brown and Williamson Tobacco Company*, 121 W. Va. 115, 2 S. E. 2d 898; *Jones* v. *Virginian Railway Company*, 115 W. Va. 665, 177 S. E. 621; *Fleming* v. *Hartrick*, 100 W. Va. 714, 131 S. E. 558; *Donald* v. *Long Branch Coal Company*, 86 W. Va. 249, 103 S. E. 55; *Ice* v. *County Court of Doddridge County*, 77 W. Va. 152, 87 S. E. 75.

The plaintiffs have failed to prove by sufficient evidence negligence of the defendants which was the proximate cause of the injury of which the plaintiffs complain and have

failed to satisfy the essential requirement in an action based on negligence as set forth in the above cited cases.

The material facts as disclosed by the evidence are not disputed; and when the material facts are undisputed and only one inference may be drawn from them by reasonable minds the questions of negligence and contributory negligence are questions of law for the court. Point 3, syllabus, *Graham* v. *Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Brake* v. *Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Workman* v. *Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Hartley* v. *Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Daugherty* v. *Baltimore and Ohio Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231; *Wood* v. *Shrewsbury,* 117 W. Va. 569, 186 S. E. 294, and the numerous cases cited in the opinions in those cases.

The action of the trial court in directing a verdict for the defendants and in entering judgment upon such verdict was correct and proper and such judgment should be and it is affirmed.

*Affirmed.*