19798

Jacquelyn GARRETT, Appellant, v. James REESE, Respondent

(204 S. E. (2d) 432)

*Luther M. Lee, Esq.,* of Columbia, *for Appellant,*

328

*Messrs. Richardson and Plowden,* of Columbia, *for Respondent,*

April 2, 1974.

*Per Curiam:*

This is a guest-passenger case. It is well settled by virtue of Section 46-801 of the Code, that the only duty an operator of a motor vehicle owes to a guest-passenger is not to injure the guest intentionally, willfully, or by conduct which is in reckless disregard of the rights of the passenger. *Powell v. Simons,* 258 S. C. 242, 188 S. E. (2d) 386.

This action was instituted by Jacquelyn Garrett, the appellant herein, to recover damages for alleged personal injuries sustained while she was riding as a guest in an

automobile driven by her brother-in-law, James Reese, the respondent herein.

After answering, and upon proper notice, the respondent took the deposition of the appellant. Thereafter, the respondent filed a motion, pursuant to Circuit Court Rule 44, for summary judgment based upon the pleadings and the deposition of the appellant. In response to the motion the appellant relied solely upon the pleadings and filed no counter-affidavits. The lower court granted the motion of the respondent, and this is an appeal from such order.

Under Subsection (d) of Rule 44, it is provided:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law. *Cisson v. Pickens S. &L. Ass'n,* 258 S. C. 37, 186 S. E. (2d) 822.

The party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence. *Gardner v. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700.

The testimony of the appellant, taken by deposition, reveals that she was being transported gratuitously to her home by the respondent. The appellant entered the front seat of the automobile of the respondent from the right side and closed the door. The automobile proceeded down Tree

Street and stopped at its intersection with Gervais Street in obedience to a stop sign. The respondent then proceeded forward, making a left turn into and down Gervais Street, when the door came open and the appellant fell out. At the time, the appellant estimated the speed of the automobile to be ten to fifteen miles per hour. She did not know what caused the door to open nor did she testify as to any defect in the door. There was no evidence as to why the door came open.

The facts in the case of *Hoover v. Odom*, 252 N. C. 459, 113 S. E. (2d) 926, are comparable to those here. In the cited case the plaintiff sued for injuries sustained by her in a fall from an automobile driven by the defendant when the door on plaintiff's side of the automobile flew open as the defendant, while driving about fifteen miles per hour, made a ninety degree turn to the left at the intersection of two streets in Asheboro, North Carolina. The court held that, in the absence of evidence that the automobile was being operated in a negligent manner at the time of the accident or that the defendant had any knowledge that the latch on the door of the automobile was defective or that the door had ever come open before in the manner in which it did at the time of the injury, the trial court was justified in granting the motion of the defendant for judgment of nonsuit. See also the annotation in 9 A. L. R. (2d) 1337, and the Later Case Service, as to the liability of the owner or operator of an automobile for injuries sustained by a guest falling from and through a door of the moving automobile.

We have carefully considered the appellant's testimony in the light most favorable to her, and we are satisfied that the lower court correctly concluded that there was no genuine issue as to any material fact, and there is no inference which can be drawn from the undisputed evidence that would support or sustain a recovery by the appellant. The respondent was, as a matter of law, entitled to summary judgment in his favor.

Affirmed.