20845*

PUBLIC SAVINGS LIFE INSURANCE COMPANY, Respondent v. Elizabeth BRYANT, a/k/a Lizzie Bryant, and The Estate of Silas Nelson, Appellant.

(250 S. E. (2d) 926)

Supreme Court

*Robert N. Jenkins* and *Robert L. Gailliard*, of *Neighborhood Legal Assistance Program, Inc.*, Charleston, *for appellant.*

* Reporter's Note: This opinion was inadvertently omitted from the 1979 edition of *South Carolina Reports.* The Reporter apologizes for any inconvenience this omission might have caused.

*George J. Morris*, of *Hawkins & Morris*, Charleston, *for respondent.*

Jan. 8, 1979.

LITTLEJOHN, Justice:

This action was commenced by Public Savings Life Insurance Company against Elizabeth Bryant, beneficiary named in a policy of insurance issued on the life of Silas Nelson. The complaint was instigated after his death, but within two years after the date of issue of the policy, and alleges that the insurance company is entitled to vacate the policy because the insured represented that he was in sound health on the date of issue and, also, misstated material facts in completing the application for the policy.

The beneficiary counterclaimed, asking that the complaint be dismissed and that the amount specified in the policy be paid.

The lower court granted summary judgment. We affirm.

The motion was based upon hospital records and depositions of Dr. John L. Colwell, of Ronald D. Hetrick, agent who wrote the policy, and of the defendant beneficiary. In addition, the insurance company had, under Rule 89, submitted requests to make admissions as to hospital and medical treatments and medical records. To each of the requests the beneficiary replied that she "... cannot truthfully admit or deny those matters ... ."

In response to the motion for summary judgment, the beneficiary filed one counter affidavit, in which she did not contradict any of the factual showing of the insurance company, but concluded, "... that there are material issues of fact and law pending in this case, the basis of which will more fully appear in a memorandum submitted herewith, ..." The memorandum was on the law and was submitted by her attorney.

We have held that an opponent to a summary judgment may not rely solely upon a general denial without making any factual showing in opposition to the motion. *Garrett v. Reese*, 262 S. C. 327, 204 S. E. (2d) 432 (1974). Since the showing was not contradicted, we think the relief granted was appropriate.

Counsel, on appeal, has submitted that the hospital records, showing that the insured was hospitalized, should not have been considered by the trial judge. Inasmuch as the same were not objected to at trial, the issue may not be raised for the first time in this court.

We agree with the lower court that there was no genuine factual issue for determination by the jury.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.